Filed June 7, 1894.

———◆———

No. 16,396.

The Louisville, New Albany and Chicago Railway Company v. Kendall.

Pleading.—*Complaint, Sufficiency of.*—*Recitals.*—*Personal Injury.*— *Passenger Pushed from Platform of Car by Railroad Employe, and Run Over by Train.*—*When Negligence of Company is Shown.*—The complaint in an action for personal injury against a railroad company, alleged, substantially, that plaintiff took passage upon defendant's passenger train at the town of S., with a proper ticket, for the town of M.; that upon the arrival of said train at the town of S. plaintiff undertook to, and did, get on the platform of one of the cars of said train to enter the same, but that without fault or negligence on plaintiff's part, but on account of the carelessness and negligence of defendant's agent, plaintiff was, by such employe, pushed from the platform of said car just as the train was starting, and plaintiff, without fault or negligence on his part, fell between the cars of said train onto the railroad track, and was carelessly and negligently caught and run over by defendant's said train, and was mashed, bruised, and mangled; "that all of said injuries were caused by, and the direct result of, said carelessness and negligence of defendant in pushing plaintiff *off its train, as aforesaid, and carelessly and negligently running over him * * as aforesaid, and wholly without fault or negligence of plaintiff."

*Held*, that the complaint is sufficient.

*Held*, also, that the facts contained in the last clause, in quotations, are not mere recitals, but are direct allegations of material facts.

Bill of Exceptions.— *When not Properly in Record.*—*Not Included in Clerk's Certificate to Transcript.*—*Motion to Require Clerk to Amend His Certificate.*—Where what purports to be a bill of exceptions is in the transcript, but the certificate of the clerk to the transcript does not include such bill, and upon motion by the appellant to require the clerk to amend his certificate so as to identify and include

such bill, the clerk made a return to an order requiring him to show cause why he should not so certify, that the long-hand manuscript of the evidence included in said bill was never filed in the lower court; that the bill of exceptions was only in his hands long enough to place the file mark upon the same, and was then taken into, and remained in, the hands of appellant's counsel until after the transcript herein was prepared and certified, and was then attached to the transcript by counsel; that the precipe for the transcript did not require him to include a bill of exceptions, and that he is unable to identify the bill in the transcript as that which was filed in his office, and believes it not to be the same; and affidavits are filed with and made a part of the return, alleging that the longhand manuscript is not the same which was prepared and certified by the stenographer, but, without authority, has been amended since prepared and filed,—the appellate tribunal can not require the clerk to amend his certificate, as doubts exist as to the identity of the bill, and the court must treat the record as not containing such bill.

From the Washington Circuit Court.

*E. C. Field, W. S. Kinnan* and *J. B. Black,* for appellant.

*B. K. Elliott, W. F. Elliott, J. Masterson, J. A. Zaring* and *M. B. Hottel,* for appellee.

HACKNEY, J.—The appellee sued the appellant for personal injuries, and with the general verdict in his favor for five thousand dollars, the jury returned answers to special interrogatories from which it appears that the general verdict was necessarily found upon the first of the two paragraphs of complaint. Upon the assignment of error the appellant questions the sufficiency of each of the paragraphs of complaint, but, as it thus appears that the recovery was upon the first paragraph, the appellant did not suffer from the ruling upon the second paragraph, and, in the absence of such finding the fact is presumed. *Ohio, etc., R. W. Co. v. Collarn,* 73 Ind. 261, and cases there cited.

We will confine our inquiry, therefore, to the first paragraph. It alleges that the appellee took passage

upon the appellant's passenger train at the town of Salem, destined for, and with a proper ticket to, the town of Mitchell; "that upon the arrival of said train of defendant at defendant's depot, in the town of Salem, * * plaintiff as a passenger undertook to, and did, get on the platform of one of the cars of said train, to enter the same, but that without fault or neglect on plaintiff's part, on account of the carelessness and negligence of one of defendant's agents, whose name is to plaintiff unknown, he was, by such employe of defendant, pushed from the platform of said train just as the same was starting, and, without any fault or negligence on his part, fell between the cars of said train onto defendant's said railroad tracks, and was carelessly and negligently caught and run over by defendant's said train, and was mashed, bruised, and mangled; * * * that all of said injuries were caused by, and the direct result of, said carelessness and negligence of defendant in pushing plaintiff off its said train, as aforesaid, and carelessly and negligently running over him with its said train, as aforesaid, and wholly without the fault or negligence of plaintiff."

The appellant earnestly contends that this paragraph is deficient in failing to allege expressly, or by facts necessarily sustaining the inference, that the wrongful act was committed by the agent or servant in the course or within the scope of his employment.

It is not questioned that a tortious or negligent act resulting in injury, if done by an agent acting not within the course of his employment, is not the subject of recovery against the principal. Indeed, it is too well settled to admit of question that under such circumstances there can be no recovery. *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; *Indianapolis, etc., R. W. Co.* v. *Anthony*, 43 Ind. 183; *Helfrich* v. *Williams*, 84 Ind. 553; *Wabash R. W. Co.* v. *Savage*, 110 Ind. 156; *Louisville*,

*etc., R. W. Co.* v. *Wood,* 113 Ind. 544; Shear. & Redf. Neg., section 63; Wood Master and Servant, section 305.

And it is by these authorities, and many others equally well settled, that the master is liable for a tortious or negligent act of a servant committed while performing his master's service, though not previously authorized nor subsequently ratified by the master, if an injury result therefrom to one to whom the master owes protection from such injury. Of this proposition there is no question by the parties, but the exact question here is, does the complaint make a case within this proposition? It is claimed by the appellant that the only substantive allegation of negligence in the complaint is, that one of the appellant's agents pushed the appellee from the car platform, and that, without indulging unwarranted presumptions in favor of the pleading, this is insufficient to show that the agent was, at the time, performing any service for the master, or that his service had any connection whatever with the management of the train or the car or the passengers of the appellant. On the other hand, the appellee insists that the complaint contains a direct allegation charging the negligence upon the appellant. It is "that all of said injuries were caused by, and were the direct result of, the said carelessness and negligence of defendant in pushing plaintiff off its train, as aforesaid, and in carelessly and negligently running over him with its train, as aforesaid, and wholly without the fault or negligence of plaintiff."

This allegation, the appellant insists, is not a direct averment, but is a mere recital, and, therefore, should be disregarded. To this point are cited *Cummins* v. *City of Seymour,* 79 Ind. 491; *Wabash, etc., R. W. Co.* v. *Johnson,* 96 Ind. 40.

These cases, and many others in this State, hold that material facts essential to the existence of a cause of ac-

tion should be alleged directly and should not be left to be gathered by mere conjecture, and should not be stated by way of mere recital.

In Bliss on Code Pleading, section 318, it is said: "To state or aver that a thing is so or so is very different from speaking of being so or so, or whereas it is so or so. A recital is not a statement, but is introductory to a statement."

In *Jackson School Tp.* v. *Farlow*, 75 Ind. 118, a distinction between direct allegations and mere recitals is clearly made. There the suit was for the breach of a contract under which the plaintiff agreed to teach in one of the schools of the township and was not permitted to do so. He did not allege in his complaint that he had been licensed to teach, and because the contract was made a part of the complaint and it was therein stated that he was "a licensed teacher" it was insisted that the contract supplied the necessary allegation that he had obtained a license. It was held that the recital in the contract, though a part of the complaint, did not comply with the requirement that necessary facts should be pleaded by positive averment.

The following from that case will further illustrate what is meant by recitals in pleading as distinguished from direct averments: "The distinction is well illustrated in the case of *Shafer* v. *Bear River, etc., Co.,* 4 Cal. 294, where it was held that the mere recital of an indebtedness in a mortgage would not so aid a declaration as to make it sufficient. In *Hall* v. *Williams*, 13 Minn. 260, the principle involved in the proposition stated is distinctly declared. It was there said: 'It is contended that the complaint is insufficient, because it does not allege that the defendant Williams was ever appointed deputy collector. In answer to this, it is said that the bond recites the appointment, and as the bond is a part

of the pleading, this recital found in the bond should be treated as an averment of the complaint. This will hardly do. * * The recital may be valuable as evidence of a fact, but it can not be regarded as an averment of the fact.' " See, also, *Crawfordsville, etc., Turnpike Co.* v. *Fletcher*, 104 Ind. 97.

In the two cases cited by the appellant to the point under consideration, the pleadings were insufficient for wholly omitting necessary allegations, and there was no attempt to supply them by recitals, and those parts of the opinions announcing the proposition here urged cite the case of *Jackson School Tp.* v. *Farlow, supra.*

The rule is a correct one, and was there stated as follows: "Material facts essential to the existence of a cause of action should be positively alleged. They should not be left to be gathered from mere conjecture, nor should they be stated by way of recital."

The rule so stated comprehended more than the one question to which it applied.

The allegation here said to be by way of recital is a direct allegation of two essential facts, namely, that the injuries alleged to have been sustained were the direct result of the negligence of the company in pushing the appellee off the train, and of the absence of contributory negligence on the part of the plaintiff. As to the second of the facts so pleaded, it is in the usual form and occurs in that part of the complaint to which it is commonly assigned. It has never been held to be insufficient as consisting of a mere recital, but has often been held sufficient. The criticism of the appellant applies with no greater force to the first of such facts than to the second.

The order in which the several allegations of a complaint are made does not determine the character of the pleading, and where, from the facts alleged, the court

can ascertain with certainty the theory of the action, and, considering all of the allegations, it can fairly be said that there has been a reasonable compliance with the rules of pleading, the pleading should be sustained.

Appellant's learned counsel make this statement in their brief: "Had the appellee charged that the defendant negligently pushed him off of the platform, as against a demurrer, the pleading would be good."

It is so held in *Wabash R. W. Co.* v. *Savage, supra,* and, it is our opinion, that the complaint does fairly allege, in the language last quoted from it, that the defendant's negligence in pushing the plaintiff from the car caused the injuries complained of, and considering that allegation in connection with the former allegation that the act was committed by the appellant's agent, there is no room to doubt that it may be fairly understood from the complaint, that recovery is sought for the company's wrong inflicted by its agent in pushing the plaintiff from the car. As the company could only act by and through its agents, and could inflict injury only by the act or negligence of its servants, the complaint would certainly be sufficient as against a demurrer.

The case of *Helfrich* v. *Williams, supra,* is not in conflict with any view we have taken of the complaint in the case before us. It was alleged in the complaint in that case, that the injury complained of was sustained through the negligence of "a certain employe of the defendants, not engaged in the same line of employment as the plaintiff." It was held that "it must be an act of negligence committed while engaged in the service and in some way connected with the doing of the service;" and that the act complained of was, under the allegations of the complaint, not the act of the master, but of one who, in some employment disconnected from the wrongful act, was a servant of the common master.

Other questions are discussed, but as they depend upon the bill of exceptions, we can not consider them, for the reason that the record does not properly present said bill. In the transcript is what purports to be a bill of exceptions, but the certificate of the clerk to the transcript does not include said bill, and we have no evidence that it is the bill filed in the case.

A motion by the appellant has been made to require the clerk to amend his certificate so as to identify and include said bill, but, after issuing an order requiring the clerk to show cause why he should not so certify, he has made a return showing that the longhand manuscript of the evidence included in said bill was never filed in the lower court; that the bill of exceptions was only in his hands long enough to place the file mark upon the same, and was taken into and remained in the hands of appellant's counsel until after the transcript herein was prepared and certified, and was then attached to the transcript by counsel; that the precipe for said transcript did not require him to include a bill of exceptions, and that he is unable to identify the bill in the transcript as that which was filed in his office, and believes it not to be the same.

Affidavits are filed with and made a part of the return of the clerk from which it appears further that said longhand manuscript of the evidence included in said bill of exceptions was never filed in the court below nor in the office of said clerk; that the said longhand manuscript is not the same which was prepared and certified by the stenographer, but has been amended since prepared and certified, and that without authority, by additions, interlineations, modifications, and the striking out of evidence given and certified, and by including documentary evidence; that originally there was no order-book entry of the filing of the bill of exceptions, and that upon pro-

ceedings in the lower court, an entry was made *nunc pro tunc* of the filing of a bill of exceptions, but that the court refused to identify the bill now in the transcript as the bill so filed. Upon the return so made, we have overruled the appellant's motion to require the clerk's certificate to be amended. If the certificate identified and included the bill appearing in the transcript, we could entertain no question as to the correctness of the bill, but should leave the question for the consideration of the trial court. As the certificate does not include the bill, as doubts exist as to the identity of the bill found in the transcript, and as the appellant had the power to settle the question of identity in the lower court, even by *nunc pro tunc* entries, we can not require the certificate to be amended, and thereby determine an issue which should have been settled before the case came into this court.

Finding no error in the record, the judgment of the circuit court is affirmed.

Filed Feb. 16, 1894; petition for a rehearing overruled June 5, 1894.