## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* GILLEN.

[No. 20,345.   Filed March 16, 1906.]

PLEADING.—*Complaint.—Master and Servant.—Defective Tools.—Use of, in Line of Duty.*—A complaint by the servant for the loss of his eye caused by a fellow servant's use of a defective hammer must show that such fellow servant at the time of such injury was in his line of duty and working in the master's service.

From Superior Court of Vanderburgh County; *John H. Foster,* Judge.

Action by Henry Gillen against the Louisville & Nashville Railroad Company. From a judgment on a verdict for plaintiff for $5,000, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Gilchrist & DeBruler,* for appellant.

*Van Pelt & Monfort* and *G. V. Menzies,* for appellee.

MONTGOMERY, J.—This action was brought by appellee to recover damages for a personal injury received while in appellant's employ.

It is alleged that the court below erred in overruling (1) appellant's demurrer to the first paragraph of com-

plaint, (2) its demurrer to the second paragraph of complaint, and (3) its motion for a new trial.

The sufficiency of the first paragraph of complaint is not seriously questioned, and no error was committed in overruling appellant's demurrer to the same.

The substantial averments of the second paragraph of complaint are as follows: The appellant on January 3, 1902, owned and operated at the Town of Howell, on the line of its railroad, in the State of Indiana, machine and repair shops, where engines, cars and other equipments of said company's railroad were manufactured and repaired. On said date plaintiff was in the employ of said company at and in one of the buildings of said shops as a sweeper. Plaintiff's duties as such sweeper were to sweep the floor of the boiler room of said building. At the time aforesaid defendant had and operated, in said boiler room, work benches to which iron vises were attached, in which vises pieces of metal were fastened for the purpose of being hammered with hammers. At the time aforesaid, defendant negligently and carelessly permitted a defective and unsafe hammer to be in use at one of said benches, which said hammer had been for a long time prior thereto, and on said day was, used while in said defective and unsafe condition. Said hammer was defective and unsafe in this, to wit: said hammer was tempered too hard, was extremely brittle, and the edges thereof were sharp and improperly dressed. The defective and unsafe condition of said hammer was at that time known to said company and unknown to the plaintiff. At the time aforesaid plaintiff, while in the proper discharge of his duties as such sweeper, was walking in and about one of said benches, to which there was a vise attached, in which vise there was at that time a piece of metal screwed. One of the employes of said company was at the time engaged in hammering on the piece of metal in said vise, and in doing said hammering was using said defective and unsafe hammer, which was unknown to the plaintiff. While

plaintiff was at and near said bench, and in the performance of his duties as aforesaid, and while said hammer was being used as aforesaid, a piece or sliver of steel suddenly and violently broke off of said hammer, as said hammer came in contact with said metal, which piece or sliver off of said hammer entered plaintiff's right eye with great force and violence, entirely destroying the sight. By reason of the injury to said eye it was necessary to remove it, and the same was removed. By reason of said injury the vision of plaintiff's left eye has become seriously impaired and his mentality affected. The injury herein complained of was caused by the negligence of said company in failing to provide and keep for use a safe hammer in and about where plaintiff was required to perform his duties, and in suffering and permitting to be used in the manner aforesaid, at the time aforesaid, in its said boiler room, at the place plaintiff was required to work, said defective and unsafe hammer.

It is contended by appellant that this paragraph of complaint is fatally defective for the want of an averment that the employe who was using the hammer at the time of the accident was in the line of his duty as a servant of the appellant, or engaged in the prosecution of the master's business. It is manifest that there was no latent peril in the mere presence of the inert hammer, alleged to have been defective, but the danger arose from a particular use of the instrument. The liability, if any in this action, must be predicated upon the use in its business of a defective tool, authorized either expressly or impliedly by appellant. It is averred in this paragraph of complaint merely that at the time of the accident one of the appellant's employes was hammering with this defective tool a piece of metal in a steel vise. The duties of this employe and the purpose of the hammering are not stated, nor is it averred in general terms that the work in which he was engaged was in the line of his duty under his employment.

The averments of the complaint should show that the act of the servant resulting in the injury complained of was done while in the discharge of his duties and while performing service for the master. If the offending employe was not acting in the line of his duty and within the scope of his authority, there can be no liability against the employer. It is a well-settled principle of law that a master is not answerable for the acts of his servant committed outside the line of his duty and not connected with his master's business, but done in pursuit of some independent purpose of his own, although the particular injury could not have occurred without the facilities afforded by the relation of the servant to his master. *Louisville, etc., R. Co.* v. *Palmer* (1895), 13 Ind. App. 161; *Harrell* v. *Cleveland, etc., R. Co.* (1901), 27 Ind. App. 29; *Pittsburgh, etc., R. Co.* v. *Adams* (1900), 25 Ind. App. 164; *Cincinnati, etc., R. Co.* v. *Voght* (1901), 26 Ind. App. 665; *Helfrich* v. *Williams* (1882), 84 Ind. 553; *Smith* v. *Louisville, etc., R. Co.* (1890), 124 Ind. 394; *Lima R. Co.* v. *Little* (1902), 67 Ohio St. 91, 65 N. E. 861; *Johanson* v. *Pioneer Fuel Co.* (1898), 72 Minn. 405, 75 N. W. 719; *Canton Cotton, etc., Co.* v. *Pool* (1900), 78 Miss. 147, 28 South. 823, 84 Am. St. 620; *Goodloe* v. *Memphis, etc., R. Co.* (1894), 107 Ala. 233, 18 South. 166, 54 Am. St. 71, 29 L. R. A. 729; *Guille* v. *Campbell* (1901), 200 Pa. St. 119, 49 Atl. 938, 55 L. R. A. 111, 86 Am. St. 705; *McCarthy* v. *Timmins* (1901), 178 Mass. 378, 59 N. E. 1038, 86 Am. St. 490; *Branch* v. *International, etc., R. Co.* (1898), 92 Tex. 288, 47 S. W. 974, 71 Am. St. 844; *Walker* v. *Hannibal, etc., R. Co.* (1894), 121 Mo. 575, 26 S. W. 360, 24 L. R. A. 363, 42 Am. St. 547; *Stephenson* v. *Southern Pac. Co.* (1892), 93 Cal. 558, 29 Pac. 234, 15 L. R. A. 475, 27 Am. St. 223; 3 Elliott, Railroads, §1303. The absence of averments showing that the act of appellant's employe resulting in appellee's injury was done in line of duty or while performing any service required under his employ-

ment renders the second paragraph of complaint insufficient, and the court erred in not sustaining the demurrer thereto for want of facts. This error requires the reversal of the judgment, without consideration of the ruling on the motion for a new trial.

The judgment is reversed, with directions to sustain appellant's demurrer to the second paragraph of complaint.