## KOHL v. H. P. LENHART FURNITURE COMPANY.

[No. 8,399. Filed October 6, 1914. Rehearing denied January 22, 1915.]

MASTER AND SERVANT.—*Assault and Battery by Servant.—Action for Damages.—Liability.*—In an action for damages for an assault and battery alleged to have been committed by one of defendant's servants while acting in the line of his duty and within the scope of his employment, defendant was not liable where it appeared that the act of the servant consisted in his removal of plaintiff's hands from a stove in obedience to the command of a constable who was attempting to take the stove on a writ of replevin sued out by defendant.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Action by Pauline Kohl against H. P. Lenhart Furniture Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. T. Walker, F. Blankenbaker, A. A. Beecher, S. M. Reynolds, Joseph R. Roach,* and *Walter L. Ballard,* for appellant.

*Hughes & Caldwell* and *Duvall & Beal,* for appellee.

FELT, C. J.—This is a suit for damages for personal injuries to appellant alleged to have been caused by an assault and battery committed upon her by an employe of appellee. Issues were joined by a general denial and the cause was tried by a jury. At the close of appellant's evidence, on appellee's motion, the court instructed the jury to return a verdict for the defendant, which was accordingly done. Appellant moved for a new trial based on the alleged error of the court in peremptorily instructing the jury. The motion was overruled and a judgment rendered on the verdict, from which this appeal is taken. The error assigned and relied on for reversal is the overruling of appellant's motion for a new trial.

The complaint proceeds on the theory that appellee is a corporation and that one of its employes, while acting in the line of his duty and within the scope of his employment, committed an assault and battery on appellant to her injury. The evidence, without dispute, shows that appellant had bought from appellee a stove and kitchen cabinet to be paid for in installments; that she was in arrears in her payments and appellee had caused a writ of replevin to issue to one Davis, a constable, to obtain possession of the property; that the constable went to the home of appellant and endeavored to serve the writ upon her and she violently resisted the officer; that two employes of appellee were present with a wagon used in delivering furniture; that appellant sat down on the stove and held to it with her hands; that the constable undertook to remove her from the stove and to take it on the writ but was unable to do so because of her resistance; that after trying for some time to remove her from the stove and finding himself unable to do so, the

constable commanded Mr. Monroe one of appellee's servants to loosen her hands from the stove; that he took hold of her wrists and jerked her hands loose; that she held to the stove as long as she could and her hands were injured when Monroe removed them from the stove; that after she was removed, at the direction of the constable, appellee's servants placed the stove and cabinet in the wagon of appellee and hauled them away.

There is no evidence from which the jury could have found that in taking hold of appellant and removing her hands from the stove, Monroe was acting in the line of his duty as an employe of appellee or that appellee in any way authorized such act. On the other hand the undisputed evidence shows that appellee was relying on the writ of replevin in the hands of the constable and not on the physical force of its employes. One of the material allegations of the complaint is that appellee committed an assault and battery on appellant by and through the act of its servant while acting in the line of his duty and within the scope of his employment. The undisputed evidence, admitted without objection on the part of appellant, including her own version of the transaction, shows that the act complained of was committed while Monroe was acting under the direction of and in obedience to, the command of the constable, and that he did not touch appellant until directed so to do by the constable.

There was no proof of the material allegation aforesaid, nor was there any evidence from which the fact might properly be inferred by the jury. There was therefore a total failure of proof to support a material allegation of the complaint. The court did not err in directing a verdict for the defendant. Judgment affirmed.

NOTE.—Reported in 106 N. E. 399. As to liability of the master for the servant's torts, see 35 Am. Dec. 192. As to liability of master for act of servant performed while acting under direction of another, see 7 Ann. Cas. 100; 14 Ann. Cas. 731. See, also, 26 Cyc. 1522.