## PRINCETON COAL COMPANY *v.* DOWDLE.

### [No. 23,912.   Filed February 8, 1924.]

1. **MASTER AND SERVANT.**—*Assault by Servant on Third Party.*—
*Complaint.*—*Statute.*—A complaint in an action for damages for
assault and battery alleged to have been inflicted by defend-
ant's foreman in attempting to exclude the plaintiff from de-
fendant's premises, where he had gone to settle a dispute be-
tween the defendant, a coal company, and its miners, as to the
weighing of coal, plaintiff being employed by the miners as
check weighman, alleging such facts and also alleging that
"the defendant, by and through said B [its foreman], under-
took to eject plaintiff from said premises and assaulted and
struck plaintiff with a pick handle", *held* sufficiently to aver
that defendant inflicted the injury by the hands of its servant,
in view of §343a Burns' Supp. 1921, Acts 1915 p. 123, author-
izing the pleading of conclusions of fact.   p. 264.

2. **MASTER AND SERVANT.**—*Assault by Servant on Third Party.*—
*Authority of Servant.*—*Evidence.*—In an action for damages
for assault and battery on the plaintiff by defendant's servant,
evidence to establish the facts out of which a liability on the
part of the employer is claimed is essential in order to recover
damages for such act.   p. 266.

3. **TRIAL.**—*Instruction.*—*Invading Province of Jury.*—*Assuming
Truth of Facts in Controversy.*—In an action for damages for
assault and battery on plaintiff by defendant's servant, where
the complaint charged that the assault was committed by de-
fendant's foreman while attempting to eject the plaintiff from
defendant's premises, an instruction that if the foreman in-
flicted upon the plaintiff the injuries complained of under such
circumstances that he himself was liable in damages to plain-
tiff and that the servant was then and there an employee of
defendant, and that, at the time the injuries were inflicted,
the plaintiff was engaged in settling a controversy between the
weighman and the miners employed by defendant, and the
subject-matter of the controversy was within the general scope
of the foreman's business, the verdict should be for the plain-
tiff, *held* erroneous as invading the province of the jury by
assuming the truth of certain facts as to which the evidence
was in conflict.   p. 270.

4. **TRIAL.**—*Instruction.*—*Invading Province of Jury.*—*Assuming
Truth of Facts in Controversy.*—In an action for damages for
assault and battery committed by defendant's foreman on plain-
tiff, who was attempting to settle a dispute between the de-
fendant and the miners employed by it, where the complaint

charged that the assault was committed by defendant's fore-man while attempting to eject the plaintiff from defendant's premises, and the evidence showed that the assault was not committed on defendant's premises, an instruction that if plain-tiff, at the invitation of the miners' grievance committee, ac-companied it to assist in presenting its side of the controversy, then the plaintiff was not unlawfully at the place where he received his injuries, but was there to transact business with the foreman as an employee of the defendant, *held* erroneous as invading the province of the jury by assuming facts the evidence of which was in conflict. p. 270.

5. MASTER AND SERVANT.—*Assault by Servant on Third Party.* —*Master's Liability.*—An employer is not liable in damages for every wilful and malicious injury which one of his employees may inflict on one not employed by him, at a place not upon the employer's premises, but at a store owned and controlled by the one inflicting the injury, merely because the injured person may have sought such employee to complain on behalf of other workmen in whom he was interested as to a practice followed in the conduct of the employer's business. p. 270.

6. TRIAL.—*Instruction.—Misdirecting the Jury as to the Ma-terial Facts.*—In an action for damages for assault and bat-tery on the plaintiff by defendant's servant, where the com-plaint charged that the assault was perpetrated by defend-ant's foreman in ejecting him from defendant's premises, an instruction that to entitle the plaintiff to recover, it was not necessary for him to establish the fact that the office or store where the controversy occurred was the property of the de-fendant, nor that the foreman had the right to eject from the defendant's premises all persons whose presence he might deem prejudicial to defendant, because such allegations were not material, *held* error because of misdirecting the jury. p. 270.

7. MASTER AND SERVANT.—*Assault by Servant on Third Party.— Proof of Servant's Authority.—Declarations not Competent.*— In an action for damages for assault and battery on the plain-tiff by defendant's servant, an instruction that, in determining whether the acts of the servant were within the scope of his employment, the jury might consider what the servant said at the time of the controversy which led to the assault, was erro-neous, as the declarations of a person assuming to act for another are not competent as proof of his agency or the scope of his authority. p. 272.

8. TRIAL.—*Binding Instruction.—Omission of Material Facts.*— In an action for damages for assault and battery on the plain-tiff by defendant's servant, where the complaint alleged that the assault was committed while the servant was attempting

to eject the plaintiff from defendant's premises, an instruction assuming to declare defendant's liability under certain enumerated facts which omitted the element that the place where the assault took place was one over which the servant had control while performing the duties of his employment, *held* erroneous for the reason that it failed to recite all the facts on which the liability depended. p. 272.

From Gibson Circuit Court; *Thomas Duncan,* Special Judge.

Action by Robert L. Dowdle against the Princeton Coal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Lucius C. Embree* and *Morton D. Embree,* for appellant.

*T. Morton McDonald,* for appellee.

Ewbank, C. J.—Appellee sued appellant and one Frank Buchanan for damages for personal injuries alleged to have been inflicted by an assault and battery, and recovered a verdict against both of them for $6,500 on which the judgment appealed from was based. Overruling appellant's demurrer to the complaint and its motion for a new trial are assigned as errors.

The complaint alleged that defendant company (appellant) owned and operated a coal mine, in which it employed as mine superintendent its codefendant, Buchanan, and gave to him the sole and exclusive charge and control of its said mine, with the right, power and authority to exclude and eject from its premises any and all persons whose presence thereon he might consider detrimental or prejudicial to the best interests of his said employer; that plaintiff (appellee) was employed by the miners in said coal mine as check weighman, when a dispute arose between said miners and the defendant company concerning the weighing of coal dug from said mine and checked by plaintiff; that, for the purpose of adjust-

ing the dispute, plaintiff went, at the request of said miners by whom he was employed, "to the office of said defendants at said mine"; that defendants, by and through said Buchanan, ordered plaintiff to leave the premises of the defendant company, which he refused to do "until his said business was completed," whereupon "defendants by and through said Buchanan undertook to eject plaintiff from said premises, and * * * assaulted and struck plaintiff with a pick handle * * * over the head with such force and violence as to fracture plaintiff's skull," and inflict certain injuries; that plaintiff offered no resistance and made no threats of violence against defendants and offered no violence to them. And that by reason of his said injuries plaintiff was damaged $20,000. Appellant's demurrer was for the alleged reason that the complaint did not state facts sufficient to constitute a cause of action, with memorandum charging that it failed to allege facts showing that in striking the blow Buchanan was acting in the line of his duties as superintendent of appellant's mine, or was acting for or on behalf of appellant, but that it showed, on the contrary, that, in striking plaintiff, he turned aside from his service as superintendent, and acted wantonly and wilfully in carrying out a purpose of his own. By way of answer to these objections, appellee relies on the averments that Buchanan was a servant of the defendant company to whom was given sole and exclusive charge and control of its premises, and that when plaintiff went upon such premises "defendants, by and through said Buchanan, ordered the plaintiff to leave the premises", and upon his refusal to do so, "said defendants by and through said Buchanan * * * assaulted and struck plaintiff with a pick handle," as carrying the necessary implication that if the defendant company did the alleged acts "by and through Buchanan," its alleged serv-

ant in charge of the premises, they were within the scope of his duties and authority, however imperfectly the facts may have been stated from which the alleged conclusion was drawn that the defendant company did them by the hand of its servant. There was no motion to make the complaint more specific, and we are persuaded that it was sufficient in the particular challenged, as against a demurrer for want of facts. §343a Burns' Supp. 1921, Acts 1915 p. 123.

After the demurrer was overruled, appellant answered by a denial and by a special plea averring that the alleged assault and battery occurred in the store of the Princeton Merchandise Company, of which said Buchanan was a shareholder, agent, officer and manager, in an attempt by Buchanan, as such representative of the Princeton Merchandise Company, to remove him when plaintiff refused to depart after being notified to do so because he was quarrelsome and boisterous. Plaintiff replied by a denial, and the cause was tried on the issues thus joined. While the plaintiff, as mere matter of pleading, was only required to state ultimate facts, and might be indulged in substituting an implied conclusion that the servant acted within the scope of his authority for facts showing the nature and extent of his authority, and that the act complained of was done on behalf of the employer, within such authority, evidence to establish facts out of which a liability on the part of the employer would arise was essential in order to recover damages from such employer because of an act done by the servant. *Pittsburgh, etc., R. Co.* v. *Adams* (1900), 25 Ind. App. 164, 173, 56 N. E. 101; *Kohl* v. *H. P. Lenhart Furn. Co.* (1914), 58 Ind. App. 7, 9, 106 N. E. 399; *Oakland City, etc., Soc.* v. *Bingham* (1892), 4 Ind. App. 545, 550, 31 N. E. 383; *Smith* v. *Louisville, etc.,*

*R. Co.* (1890), 124 Ind. 394, 400, 24 N. E. 753; *Louisville, etc., R. Co.* v. *Kendall* (1894), 138 Ind. 313, 315, 36 N. E. 415; *Evansville, etc., R. Co.* v. *Baum* (1866), 26 Ind. 70, 72; *Louisville, etc., R. Co.* v. *Gillen* (1906), 166 Ind. 321, 324, 76 N. E. 1058; *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834, 22 A. L. R. 1392. "It is not questioned that a tortious * * * act resulting in injury, if done by an agent acting not within the course of his employment, is not the subject of recovery against the principal. Indeed, it is too well settled to admit of question that under such circumstances there can be no recovery." *Louisville, etc., R. Co.* v. *Kendall, supra,* citing authorities. (The complaint) "in effect averred that it was the *defendant, acting through its * * * servants,* which had injured the plaintiff. That was equivalent to an averment that the injury was inflicted by the defendant, *acting through its duly authorized agents and servants.* That made it at the trial a question of evidence as to whether the persons who performed the acts charged to have been injurious to the plaintiff were the agents and servants of the defendant, and acting at the time within the lines of their respective duties." *Wabash R. Co.* v. *Savage* (1886), 110 Ind. 156, 159, 9 N. E. 85.

Where defendant's servant had committed an assault and battery at the direction of a constable holding a writ of replevin, the court said: "One of the material allegations of the complaint is that appellee committed an assault and battery on appellant by and through the act of its servant while acting in the line of his duty and within the scope of his employment. * * * There was no proof of the material allegation aforesaid, nor was there any evidence from which the fact might properly be inferred by the jury. There was therefore a total failure of proof to support a material al-

legation of the complaint. The court did not err in directing a verdict for the defendant." *Kohl* v. *H.' P. Lenhart, supra.*

That the complaint merely stated a cause of action in general terms, without alleging the specific facts relied on to support such general averments, and that there was no motion to make it more specific, did not excuse plaintiff from the necessity of proving facts sufficient to make a cause of action in order to be entitled to recover damages. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 163, 164, 119 N. E. 484; *Jackson, Rec.,* v. *Rutledge* (1919), 188 Ind. 415, 425, 122 N. E. 582; *Thompson* v. *Divine* (1920), 73 Ind. App. 113, 117, 126 N. E. 684; *Citizens Loan & Trust Co., Admr.,* v. *Terre Haute, etc., Trac. Co.,* 79 Ind. App. 491, 135 N. E. 802.

Counsel for appellant do not deny that there was evidence which, if given credit, would fairly tend to prove all of the facts necessary to make out a cause of action, including Buchanan's authority, and that the wrongful act was within its scope. But they point out that there was no evidence whatever that the defendant company commanded or expressly authorized the blow to be struck, and that the parties had also introduced evidence to the following effect; that, when the blow was struck, neither plaintiff, nor Buchanan, who struck it, was on the premises of the defendant company, but both were in an old box car that stood on the right of way of the Southern Railway Company, and belonged to and was occupied as a store room by the Princeton Merchandise Company, which operated a general store therein; that the Princeton Merchandise Company was a corporation, in which the appellant company owned no interest, but all the capital stock of which belonged to three individuals; that defendant Buchanan owned one fourth of

the capital stock and had charge of the store and he and his wife waited on the trade, and were doing so at the time plaintiff came into the store, a few minutes before Buchanan struck him with the pick handle; that after some words had been exchanged, Buchanan ordered plaintiff to leave the store, but plaintiff refused, and invited Buchanan to put him out, if man enough to do so, and then Buchanan struck him on the arm, and after they had grappled with each other, struck him a blow on the head, in the course of a fight that ensued there in the box-car store-room, and that the blow was struck for the sole purpose of enforcing the command to depart; that Buchanan was not the superintendent of the mine, but was only the "top boss," having control of the men above ground; that Charles F. Hill was the mine superintendent, and Buchanan was subordinate to him, and had no authority over the men below ground; that the weighing of the coal was done below ground, and the men who did it were under the control of Elza Malone, who was the "mine boss," and (subject to Mr. Hill) had immediate charge of the weighing and the settlement of disputes about weighing; and that the reason plaintiff came into the box-car store, and refused to leave it when ordered to do so, was because he wished to take part in presenting some objections which the "mine committee" of employes of appellant had made to the manner in which the coal was weighed.

The court, of its own motion, gave a series of instructions, among which were the following: "(8) To entitle the plaintiff to recover in this action it is not necessary for him to establish the fact that the office or store where the controversy occurred was the office of the coal company, nor is it necessary for him to prove that Buchanan had the right to eject from the company's premises all persons whose presence he might

deem prejudicial to the company. The court directs you that these are not material allegations of the amended complaint.

"(9) If you find from a fair preponderance of the evidence that the defendant Buchanan inflicted upon the plaintiff the injuries complained of * * * and under such circumstances that he himself is liable in damages to plaintiff, as hereinbefore explained to you, and that said Buchanan was then and there an employe of said coal company, and was at the time said injuries were inflicted on the plaintiff engaged in settling a controversy that had arisen between the weighman and check weighman of such mine, and that the consideration of such controversy was within the general scope of the business the defendant Buchanan was employed to perform, then your verdict should be for the plaintiff and against each one of the defendants.

"(12) If you find from a preponderance of the evidence that at the time the injuries complained of were inflicted, plaintiff, at the invitation of the grievance committee, accompanied it to assist such committee in the presentation of the controversy, then the plaintiff was not unlawfully at the store or office, at the time he received such injuries. Under the circumstances the plaintiff was there to transact business with Buchanan, as an employe of the company."

Each of these instructions invaded the province of the jury, and assumed as true certain facts to which plaintiff's witnesses testified, the existence of which 3-6. defendant's evidence tended to disprove. It is not the law that an employer is liable in damages for every wilful and malicious injury which one of his employes, at a place not upon the employer's premises, may inflict on a person not employed by him, in an effort to "put him out" of a store owned and controlled by the one inflicting the injury merely because the injured

third person may have sought such employe in his store to complain on behalf of certain workmen in whom he was interested about a practice followed in the conduct of the employer's business. In the absence of any evidence whatever that the defendant company expressly authorized Buchanan to strike the blow, the general averment that the company struck plaintiff "by and through said Buchanan" could only be proved by evidence fairly tending to show that Buchanan was acting, at the time, within the scope of his authority in the transaction of business of the company, and struck the blow as a part of transacting that business. Plaintiff was not a passenger, customer or employe of the defendant company, and the company owed him no special duty to protect him from violence if he should go to a place not upon its premises to seek one of its employes, and engage in a controversy with him, more especially if that controversy related to a matter not within his jurisdiction as "top boss" in charge of its premises above ground, as defendants' evidence tended to show was the case.

In the absence of any evidence tending to show that Buchanan had authority from the defendant company to touch plaintiff for any purpose whatever, unless in the exercise of his control over its premises and his power to eject persons therefrom, the instruction that the allegations on that subject were not material was very misleading, as carrying the implication that plaintiff could recover without proof of those facts, whereas, if the evidence offered by defendant as to Buchanan's employment and the scope of his authority were believed, there was no proof of a liability on any other ground. And if defendant's evidence were believed, the mere fact that plaintiff entered Buchanan's store not on the company's premises, by "invitation of the grievance committee," would not give him a lawful right to

remain there and resist an attempt to eject him, after he had been commanded by the owner to depart.

The court also gave an instruction of its own motion, reading (in part) as follows: "(10) The language of the law is that to establish the liability of the master for the acts of a servant the acts complained of must be done within the general scope of the servant's employment. In determining whether the acts of the defendant, Buchanan, that are complained of * * * were done within the general scope of his employment * * * you may consider the evidence as to what the defendant Buchanan said, if anything, touching the grievances then complained of by the grievance committee of the miner's union. * * *" This was error. The declarations of a person assuming to act for another are not competent as proof of his agency or the scope of his authority. *Bankers Surety Co.* v. *German Investment, etc., Co.* (1920), 189 Ind. 311, 322, 126 N. E. 6.

The court gave an instruction (No. 2) asked by plaintiff which enumerated certain hypothetical facts as to Buchanan having been the superintendent in charge of appellant's property, with authority to eject persons from its premises, and as to his having struck the blow in attempting to eject plaintiff from "the place where he was assaulted", under which facts, the jury was instructed that appellant was liable in damages. But it omitted the element of such place being a part of appellant's said property over which Buchanan had control, or a part of its premises from which he had authority to eject persons. This was error. A binding instruction which assumes to declare a liability under certain enumerated facts must recite all the facts on which such liability depends. *Chicago, etc., R. Co.* v. *Glover, Admr.* (1900), 154 Ind. 584, 57 N. E. 244; *Terre Haute, etc., Trac. Co.* v. *Young* (1914),

56 Ind. App. 25, 104 N. E. 780. The other questions argued by counsel may not arise upon a retrial of the case.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.