DEEP VEIN COAL COMPANY *v.* DOWDLE

[No. 27,535.   Filed May 14, 1941.]

496

*William D. Hardy,* of Evansville, and *Morton C. Embree* and *Gerald E. Hall,* both of Princeton, for appellant.

*R. W. Armstrong,* of Evansville, and *T. Morton McDonald* and *Douglas H. McDonald,* both of Princeton, for appellee.

FANSLER, J.—In 1919 the appellee began this action by filing his complaint against Frank Buchanan to recover damages resulting from an assault and battery. Shortly thereafter the Princeton Coal Company was made a party defendant. The complaint was amended to allege that Buchanan was the agent and servant of the

Princeton Coal Company and was acting as its servant at the time the assault and battery was perpetrated. The record shows that the Princeton Coal Company appeared to this action and defended. There was a trial and judgment for the plaintiff. The Princeton Coal Company perfected a term time appeal and gave bond to pay the judgment if the appeal should be unsuccessful. The judgment was reversed, and the opinion of the court discloses the substantial facts concerning the assault and battery and the allegations by which the Princeton Coal Company was charged with responsibility for the tort under the respondeat superior doctrine. See *Princeton Coal Co.* v. *Dowdle* (1924), 194 Ind. 262, 142 N. E. 419. The Deep Vein Coal Company was not a party to the action at that time and was not mentioned in the pleadings or in the evidence as disclosed by the briefs.

In 1925, after the reversal of the cause, the venue was changed to the Pike Circuit Court, where it was tried and the jury disagreed. In 1928 the venue was changed to the Dubois Circuit Court, where, in 1929, in the same cause, which was entitled upon the court's docket "Robert L. Dowdle vs. Frank Buchanan, Princeton Coal Company," the plaintiff filed his second amended complaint, entitled "Robert L. Dowdle vs. Frank Buchanan, Deep Vein Coal Company, otherwise known as Princeton Coal Company." In this complaint it is alleged that the Deep Vein Coal Company is a corporation, and engaged in mining, producing, and marketing coal, under the name and style of "Princeton Coal Company"; that, for the purpose of evading liabilities imposed by law, to the employees and persons engaged in the operation of the coal mine for injuries sustained by negligence, and to fraudulently relieve the defendant, Deep Vein Coal Company, of such liability,

the company and certain of its stockholders and agents entered into a fraudulent conspiracy; that they entered into a pretended lease whereby the Deep Vein Coal Company pretended to lease to a corporation designated as the Princeton Coal Company, the coal mine and all the property and equipment used in the operation thereof; that at the time of the lease there was no such corporation as the Princeton Coal Company; that shortly thereafter the Deep Vein Coal Company and its officers and agents caused articles of incorporation to be executed for the incorporation of the Princeton Coal Company, with authority to issue capital stock in the sum of $5,000; that the mine and mining property leased to the Princeton Coal Company was of the value of $100,000; that the Princeton Coal Company was at all times insolvent and irresponsible, and never at any time had any property subject to execution; and that by the terms of the lease the Princeton Coal Company never would be in a position to acquire any assets; that in truth and in fact the Deep Vein Coal Company actively controlled and managed the operation of the mine through its agents, and hired and discharged employees, directed the mining of coal and sold the output and collected the proceeds, and fully and completely managed, directed, and carried on the operation of the mine; that on the 4th day of November, 1918, the defendant, Deep Vein Coal Company, had in charge of the operation of the mine the defendant, Frank Buchanan, and in the commission of the assault and battery Buchanan was acting in the line of his duties as the agent of the Deep Vein Coal Company.

By this complaint the plaintiff for the first time sought to assert facts charging the Deep Vein Coal Company with responsibility for the assault and battery under the respondeat superior doctrine. It is

noted that this amended complaint was filed more than ten years after the assault and battery was committed, and that there is no attempt to allege concealment of the fact that the Deep Vein Coal Company was in fact operating the mine, and in fact the employer and principal represented by Buchanan, or any other facts which would prevent the running of the two-year statute of limitations.

The Princeton Coal Company filed a motion to strike out this second amended complaint upon the ground that no relief or judgment of any character was asked against that company, and a motion to require that the second amended complaint be separately docketed for the same reason. These motions were never ruled upon, but the Princeton Coal Company does not appear to have taken any further action or to have filed any further pleadings in the case.

Thereafter a re-amended complaint was filed, to which a demurrer by the Deep Vein Coal Company was overruled, and answers were filed. There was a motion to dismiss the cause for want of prosecution, which was sustained, but afterwards, upon motion, it was reinstated upon the docket, and in April, 1938, the record shows that the plaintiff, by his attorneys, and the Deep Vein Coal Company, by its attorneys, appeared and the cause was submitted to a jury for trial. After the evidence was heard, the cause was dismissed as to the defendant, Frank Buchanan.

Within ten days after the filing of the amended complaint which first named the Deep Vein Coal Company, that company appeared specially and filed a plea in abatement in which it alleged that the plaintiff now sought for the first time to make it a party defendant; that it is an Indiana corporation; that its principal office and place of business is in the City of Terre

Haute; that its officers have been continuously in the State of Indiana and amenable to the service of process; and that no summons against the Deep Vein Coal Company in this action has ever been served upon any of its officers or agents or any person authorized to transact business for it; and that it has not been constructively served with process. A demurrer to the plea in abatement was overruled, and the plaintiff answered the plea in general denial, and the issue was submitted to the court for trial without the intervention of a jury.

There was evidence that no summons had ever been served upon "Deep Vein Coal Company" or "Deep Vein Coal Company, otherwise known as Princeton Coal Company." The witness who testified to these facts was an officer of the Deep Vein Coal Company, and had been an officer, or in charge of the management, of the Princeton Coal Company. On cross-examination he was asked whether the summons issued in the case in 1919 came to him. He said that he did not remember, but supposed it did, and that he employed attorneys, who defended the action, and that he had actively participated in conducting the defense. Upon this evidence the court found against the appellant on its plea in abatement, and overruled a motion for a new trial.

A plea in abatement must anticipate and negative all matter, which, if alleged as a defense, would defeat the plea; and, by the evidence supporting the plea, the pleader must sustain the burden of anticipating and negativing any matter which would be a defense.

The appellee suggests that an acknowledgment of service on the back of process, or the voluntary appearance of a defendant, is equivalent to service, and that the pleader did not prove that there was not an acknowledgment of service on the back of

process or voluntary appearance. But there was evidence that there had been no process served on Deep Vein Coal Company, which seems to us sufficient to negative the conclusion that there could have been an acknowledgment of service on the back of process. We can conceive of no voluntary appearance that would not be disclosed by the court's record, and none has been suggested.

It has been held that, to take advantage of a return on a summons, the facts must be pleaded in a plea in abatement, but we know of no rule which requires a pleader to introduce independent evidence to prove that he has not voluntarily appeared to the action, when the court's record, of which it will take notice, fully discloses that he has not appeared.

The appellee contends that it was necessary to prove, in support of the plea in abatement, that Deep Vein Coal Company was never known as Princeton Coal Company. Evidence was introduced to show that they were separate corporations. It is true that the complaint alleges that the Deep Vein Coal Company transacted business under the name and style of Princeton Coal Company, but this is not evidence of the fact, and, until the complaint was proven in the trial on the merits, the presumption is against the plaintiff upon this allegation, and this simple allegation cannot add to the burdens assumed by the pleader in abatement to show there was no jurisdiction of the person.

The appellee asserts that where one who has not been made a party to an action, but who has an interest in protecting the defendant against a judgment for his own benefit, undertakes the defense of the action in the name of the defendant over

whom the court has acquired jurisdiction, he is bound by the judgment as though he had been named and served as a defendant. It may be that under some circumstances a person may be held responsible for a judgment taken against another, but it is inconceivable that he can be thus charged without a day in court at which he can be heard upon the question of whether or not the facts are such as to make him responsible. The mere assertion of such a state of facts by the judgment plaintiff cannot suffice. If in the appeal from the judgment against the Princeton Coal Company the judgment had been affirmed, it could not reasonably have been contended that an execution might issue against the Deep Vein Coal Company without any further action and without a determination by some court having jurisdiction of the person of the Deep Vein Coal Company that it had in fact defended the action under circumstances which would justify charging it with responsibility. It follows therefore that the establishment of such a state of facts would entitle the plaintiff to a judgment against the Deep Vein Coal Company if and when the court obtained jurisdiction of the person of the Deep Vein Coal Company. But such a state of facts may not be resorted to for the purpose of showing that the court had already acquired jurisdiction of the person of that company when in fact it had not. The appellee relies upon certain cases in which a defendant had been sued in the wrong name, but in such cases service must have been had upon the person sought to be bound, and the cases merely hold that if served, even in the wrong name, and having taken no steps to have the name corrected, the person is bound by the judgment. The undisputed evidence that the Deep Vein Coal Company had not been served at all was sufficient to negative the suggestion that it might

have been served in the wrong name, and it was not necessary for it to negative a state of facts under which it might have been made liable because of defending in the name of another, since, if such a state of facts were true, it would not show that the court had obtained jurisdiction of the person, but only that it might be liable when the court had obtained jurisdiction of the person.

For the reasons indicated, it must be concluded that it was error to overrule the motion for a new trial upon the issues formed on the plea in abatement.

In the case proper there were two issues presented by the pleadings. The complaint alleged that Buchanan had committed an assault and battery upon the plaintiff; that the Deep Vein Coal Company was operating the mine through the Princeton Coal Company, which was a mere figurehead; that Buchanan was the agent of the Deep Vein Coal Company, and that that company is responsible under the respondeat superior doctrine. The burden was upon the plaintiff to prove the allegations of the complaint. The appellant answered, setting up the two-year statute of limitations. The evidence showed the date of the assault and battery, and the records of the court showed that the first pleading which sought to state a cause of action against the appellant charging it with responsibility for the acts of Buchanan was filed more than ten years after the assault and battery. There were no allegations and no evidence to show concealment or any other facts which would prevent the running of the statute, so that there was nothing to submit to the jury upon the question of the running of the statute of limitations. It had run as a matter of law.

It is argued by the appellee that, since the appellant was sued as "Deep Vein Coal Company, otherwise known

as Princeton Coal Company," the appellee was not required to prove that the appellant was "otherwise known as the Princeton Coal Company," in the absence of a verified answer denying that it so transacted business. This contention is based upon § 2-1034, Burns' 1933, § 138, Baldwin's 1934, which provides that the character or capacity in which a party is sued shall require no proof unless denied by a pleading under oath. This statute affects only cases in which a party is sued in a representative capacity and seeks to contend that he should have been sued individually, or cases in which he is sued individually and seeks to contend that he should have been sued in a representative capacity. In this case a personal judgment is sought against the Deep Vein Coal Company in its individual capacity. The words, "otherwise known as the Princeton Coal Company," are merely descriptive, but if it were otherwise it could not help the appellee's situation. The admission that it was "otherwise known as the Princeton Coal Company" would not involve an admission that the action had been begun against it within the statute of limitations. No issue was tendered upon the question of whether the Deep Vein Coal Company had employed counsel or had defended the action against the Princeton Coal Company, nor was there any evidence introduced upon that subject. There was no allegation or proof or record indicating that any right of action was asserted against the Deep Vein Coal Company until the amended complaint was filed ten years after the assault and battery, and no record or allegation or evidence establishing or tending to establish that the Deep Vein Coal Company had ever been served with process or that it had ever submitted to the jurisdiction of the court until after the ruling upon its plea in abatement.

Judgment reversed, with instructions to vacate the judgment, and to sustain the motion for a new trial, and to sustain the appellant's motion for a new trial upon the issues formed by its plea in abatement.

NOTE.—Reported in 33 N. E. (2d) 981.