The Indianapolis and Vincennes Railroad Company *v.* Lewis *et al.*

Filed May 29, 1889.

No. 13,603.

The Indianapolis and Vincennes Railroad Company *v.* Lewis et al.

RAILROAD.—*Right of Way.— Width.—Contract.—Evidence.—Acts and Declarations of Parties.*—Where a railroad company acquires a right of way by contract with a land-owner, and the width of the land granted for such right of way is not fixed by the contract, the declarations and acts of the parties are admissible in evidence to fix such width.

VERDICT.—*Answers to Interrogatories.— When Control General Verdict.*— Answers of the jury to interrogatories overthrow the general verdict only when there is such antagonism upon the face of the record as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause.

From the Morgan Circuit Court.

*S. O. Pickens,* for appellant.

*W. R. Harrison,* for appellees.

COFFEY, J.—On the 16th day of September, 1867, John

H. Thornburgh executed and delivered to the appellant the following instrument of writing:

"I, John H. Thornburgh, of the county of Morgan, and State of Indiana, for and in consideration of the advantages which may or will result to the public in general, and myself in particular, by the construction of the Indianapolis and Vincennes Railroad, as now surveyed or as the same may be finally located (provided it be on the old grade of the Indianapolis branch of the N. A. & S. R. R.), and for the purpose of facilitating the construction and completion of said road, do hereby, for myself and my heirs, executors, administrators and assigns, release, relinquish and forever quitclaim to the Indianapolis and Vincennes Railroad Company the right of way for so much of said railroad as may pass through the following described field, parcel or lot of land in the county of Morgan, in the State of Indiana, that is to say: The west half of the southwest quarter of section 30, in township 14 north, range 2 east; also, the east half of the southeast quarter of section 25, township 14 north, range 1 east, and the right to cut and remove for my use such trees as may be standing near and liable to fall upon the track; said company to allow me to join my fences on each side of said land, and such cross-fences as are necessary, under the directions of the engineer, so as not to obstruct the use of the tracks; two pits in said railroad tracks to be put in by said company at their own expense, provided I give them notice that I require the same before the ties are laid. Said company, also, to give myself and heirs the exclusive use of any of the lands hereby released, not needed for the use of the road for the time being, after the same shall be constructed, so as in no wise to obstruct the road.

"Witness my hand and seal this 16th day of September, 1867, JOHN H. THORNBURGH." [SEAL]

After the execution of the above release, Thornburgh conveyed the land therein described to Giles B. Mitchell, subject to the right of way thereby conveyed. Mitchell died in the

year 1878, and the land descended to the appellee Emma G. Lewis, as one of his heirs at law.

The complaint in this cause is in two paragraphs, the first alleging that it was agreed between the appellant and the said Thornburgh that he should convey to the appellant thirty feet only for a right of way, and that by mistake and inadvertence the scrivener who prepared said release omitted to insert therein said agreement, when in truth and in fact it was the intention of both parties thereto that the said release should contain words limiting the quantity of land thereby conveyed to thirty feet, or fifteen feet on each side of the center of said railroad.

The second paragraph of the complaint proceeds upon the theory that the grant of the right of way, above set out, conveys so much of the land only as should be needed by the appellant in the construction and operation of its road, and it avers that the appellant constructed a single track over said land in the year 1867, and took possession of fifteen feet on each side of the center of said track; that the said Thornburgh and his grantees, from the said date to the 5th day of May, 1885, have continuously occupied all the remainder of said land, cultivating the same in corn, wheat and other annual crops; that thirty feet is all that is needed by the appellant for the use of its road, and all that will ever be needed for the operation of the same; that, on the 5th day of May, 1885, the appellant, with strong hand and by force, took possession of one hundred feet of said land and enclosed the same with a strong wire fence, and has ever since excluded the appellees therefrom. This paragraph seeks to recover the possession of all said one hundred feet, except the thirty originally occupied by the appellant, and damages for the detention of the same.

The appellant filed an answer and counter-claim to this complaint, and, issues being joined by proper pleadings, the cause was submitted to a jury, who returned a general verdict for the appellees, together with answers to interrogato-

ries.  The appellant moved the court for judgment in its favor on the answers to the interrogatories, which motion was overruled and the appellant excepted.  The appellees recovered judgment on the general verdict for the possession of the land claimed, and for damages for the detention of the same.

The error assigned is, that the court erred in overruling the motion of the appellant for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict.  The interrogatories and the answers thereto are as follows:

" 1.  Did John H. Thornburgh execute and deliver to the defendant, the Indianapolis and Vincennes Railroad Company, the release of right of way of September 16th, 1867, set out in the complaint and counter-claim?  Answer—Yes.

" 2.  Did both the railroad company and Thornburgh intend that the right of way for said railroad should be written and described in said release as thirty feet wide, fifteen feet on each side of the center line of said railroad as it passes through said land?  Answer—No.

" 3.  Was John H. Thornburgh the owner of the land described in said release at the time of its execution?  Answer—Yes.

" 4.  Was said Indianapolis and Vincennes Railroad Company organized and incorporated on the 18th day of December, 1865, under the general railroad law of the State of Indiana?  Answer—Yes.

" 5.  Did said Indianapolis and Vincennes Railroad Company, under the provisions of said release, enter upon the land described in said release and construct said railroad over the same, as it was located at the time, in the years 1867 and 1868, and has said railroad been operated thereon ever since?  Answer—Yes.

" 6.  Did said Thornburgh sell and convey the land described in said release to Giles B. Mitchell on the 14th day

of October, 1869, excepting in said conveyance the right of way of said railroad? Answer—Yes.

" 7. Did the plaintiff, Emma G. Lewis, inherit her title to said land by descent from said Giles B. Mitchell, as the daughter and heir of said Mitchell, subject to said right of way? Answer—Yes.

" 8. Did the defendant, on or about the 5th day of May, 1885, take possession of, and enclose with fences, a strip of land three rods wide on each side of said railroad, as it passes over said land, under a claim of right under the terms of said release? Answer—Yes.

" 9. How many acres are embraced in the ground taken possession of May 5th, 1885, in addition to what had been taken prior thereto? Answer—Four acres.

" 10. What is the rental value per year per acre of said additional land so taken possession of? Answer—Seven dollars."

As to whether the court erred in overruling the motion of the appellant for judgment on the answers to interrogatories, notwithstanding the general verdict, depends upon the construction to be placed on the release above set out. It is contended by the appellant that, upon the execution of that release and the taking possession of and constructing its line of railway over the land described, it became vested with the title to a strip of land across said tract six rods wide, three rods on each side of the center line of its railway track, as and for a perpetual right of way for its railroad.

The appellant company was organized under the general law of the State providing for the organization of railroad companies, and had it proceeded to condemn the right of way over the land described in the release, the question as to the width of such right of way would be free from doubt; but as the right of way was acquired by contract, it must be clear that the rights of the parties are to be determined by the terms of the contract itself.

Under the statutes in force at the date of the execution of

this release, the appellant had the right to condemn, for its right of way over the lands therein described, a strip not to exceed six rods in width, but this it did not do. It chose to contract with Thornburgh for such right of way, and while such contract does not state the width of the right of way acquired, it would, perhaps, in the absence of anything done or said by the parties, be construed in the light of the law then in force upon that subject. *Indianapolis, etc., R. W. Co.* v. *Rayl*, 69 Ind. 424; *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490. But in a case like this, where the grant of the right of way does not fix its width, the declarations and acts of the parties are admissible in evidence to fix such width. *Indianapolis, etc., R. R. Co.* v. *Reynolds*, 116 Ind. 356.

On a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption will be indulged in favor of the general verdict, and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand. They override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause. *Amidon* v. *Gaff*, 24 Ind. 128; *Baldwin* v. *Shuter*, 82 Ind. 560; *Northwestern Mutual Life Ins. Co.* v. *Heimann*, 93 Ind. 24.

Guided by these well established rules, we have come to the conclusion that the general verdict in this case must stand. We must presume that, under the issues in the case, proof was made which warranted the jury in finding that the appellant was entitled to no more than they gave it. Under such a presumption the general verdict and the answers to the interrogatories are not inconsistent with each other.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed May 29, 1889.