## SAGE *v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA.

[No. 6,580. Filed December 7, 1909. Rehearing denied June 1, 1910.]

1. TRIAL.—*Verdict.—Interrogatories.*—Answers to interrogatories to the jury control the general verdict only when in irreconcilable conflict therewith. p. 92.

2. BILLS AND NOTES.—*Amount Due.—Verdict.—Interrogatories.*— Where there was a general verdict for $25 for the plaintiff, in an action on four notes, and the answers to the interrogatories did not show the amount due, nor facts from which it could be definitely determined, the general verdict controls. p. 92.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by the International Harvester Company of America against Elizur Sage. From a judgment for plaintiff, defendant appeals. *Reversed.*

*George A. Williams,* for appellant.

*Foltz & Spitler,* for appellee.

WATSON, J.—This action was brought by appellee against appellant to recover upon four promissory notes. The consideration for these notes was a Deering binder, sold to appellant by the Deering Harvester Company. Said notes were secured by a chattel mortgage covering the binder, and an interest, to the extent of 500 bushels, in a corn crop raised in 1904 on B. F. Gifford's farm in Jasper county, Indiana, where appellant then resided. In January, 1905, appellant moved to the State of Illinois, leaving on said farm said binder and corn. Appellee, after the maturity of said notes

and before the commencement of this action, sold said binder at private sale for $17.50, without bringing a foreclosure proceeding upon said mortgage or giving any notice whatever, and credited appellee with $12.50. The cause was put at issue and trial had by jury. A verdict was returned in the sum of $25 in favor of plaintiff, and with the general verdict the jury returned seventeen interrogatories with answers thereto, which answers, in substance, are as follows: Defendant occupied the premises of B. F. Gifford in the year 1904, and vacated them in 1905. He did not notify plaintiff of his vacating said premises, nor of his leaving the binder, covered by the mortgage, west of the railroad on B. F. Gifford's land in January, 1905. On July 28, 1905, plaintiff learned where the binder was, and on said date sold it for $17.50, giving defendant credit for $12.50. The fair cash market price of said binder in its condition at the time of the sale was $40. Plaintiff did not receive any of the corn which defendant claimed to have left on the Gifford farm.

Appellee moved for judgment on the interrogatories notwithstanding the general verdict, and the court sustained the motion, to which appellant excepted. The court then rendered judgment for appellee in the sum of $128. Appellant filed a motion for a new trial, which was overruled and exceptions taken. Appellant assigns errors as follows: (1) The complaint of appellee does not state facts sufficient to constitute a cause of action against appellant; (2) the court erred in sustaining the demurrer to appellee's fourth paragraph of appellant's answer; (3) the court erred in sustaining the motion of appellee for judgment in its favor on the answers of the jury to the interrogatories notwithstanding the general verdict; (4) the court erred in overruling appellant's motion for a new trial.

The trial court did not err as to the first and second assignments of error complained of.

It is so well settled that it is only when the answers to the

interrogatories are irreconcilable with the general verdict that the court will sustain a motion for judgment on the answers notwithstanding the general verdict, that we do not cite authorities.

Are the interrogatories and answers thereto in such conflict with the general verdict that they are absolutely irreconcilable? We do not so construe them. If the answers to interrogatories found the amount due upon the several notes sued upon, after all proper credits, if any, had been allowed, was for a greater amount than the general verdict, or if they found facts from which we could say, as a matter of law, that a different sum ought to be awarded to the plaintiff than that awarded by the jury in its general verdict, then the interrogatories would be in such conflict with the general verdict that they would control. But in this case no fact or facts are found from which any calculation could be made as to the amount due to the plaintiff, nor did the jury in its answers to the interrogatories find any amount to be due. The interrogatories and the answers thereto do not in any way conflict with the amount found by the jury in its general verdict to be due to plaintiff.

In the case of *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 655, the court said: ''Moreover, appellant's motion for a judgment in his favor on the answers to the interrogatories notwithstanding the general verdict was properly overruled for the further reason that there was not in said answers any assessment of damages, nor were there any facts found from which the court could, as a matter of law, make such assessment:''

It follows that the court erred in sustaining appellee's motion for judgment on interrogatories notwithstanding the general verdict. The judgment is therefore reversed, with instructions to the trial court to overrule said motion and to render judgment on the general verdict.

Judgment reversed.