CITIZENS LOAN AND TRUST COMPANY OF LEBANON, ADMINISTRATOR, *v.* TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY.

[No. 11,086. Filed January 6, 1922. Modified and rehearing denied June 23, 1922. Motion to modify mandate denied January 21, 1923. Transfer denied April 4, 1923.]

1. APPEAL.— *Complaint.— Failure to Allege Essential Fact.— Right of Recovery.*—While the sufficiency of a complaint cannot be questioned on appeal by an original assignment of error, yet, if the complaint fails to allege a material fact necessary to permit a recovery, and the evidence merely proves each fact alleged, and if, from the evidence, the omitted fact or facts necessary to sustain an action cannot be inferred from the facts proven, plaintiff cannot recover. p. 496.

2. APPEAL.—*Review.—Ruling on Motion for Judgment on Answers to Interrogatories.—Scope of Review.*—The court on appeal cannot look to the evidence in determining whether the court erred in sustaining defendant's motion for judgment on the answers to interrogatories, since in passing on such question the court can only look to the complaint, the verdict, and the facts as disclosed by the answers to the interrogatories. p. 497.

3. RAILROADS.—*Crossing Accidents.—Negligence.—Complaint.— Sufficiency.*—In an action for the death of a passenger in an automobile in a railroad crossing accident, a complaint alleging that, after the driver of the automobile saw defendant's car approaching the crossing, he attempted to turn the automobile so as to avoid or miss the car, but that before he could do so the car was carelessly and negligently and with great force and violence run into the automobile, throwing and hurling it a great distance and killing plaintiff's decedent, sufficiently alleged that the death of decedent was caused by defendant's negligence. p. 497.

4. RAILROADS.— *Crossing Accidents.— Personal Injuries.— Complaint.— Negativing Contributory Negligence.—* In an action

Citizens, etc., Trust Co., Admr., *v.* Terre Haute, etc., Trac. Co.—
79 Ind. App. 491.

against a railroad company for the death of a passenger in an automobile in a crossing accident, plaintiff was not required to allege that decedent had no control over the driver of the automobile, or authority to direct his movements, and had no reason to suspect the negligence or incompetence of the driver, since such matter goes to the negligence of decedent, and is, therefore, a matter of defense. p. 498.

5. RAILROADS.— *Crossing Accidents.— Personal Injuries.— Contributory Negligence.—Answers to Interrogatories.—Construction.*—In an action for the death of a passenger in an automobile in a railroad crossing accident, answers by the jury to special interrogatories that decedent could not by acting with reasonable promptness after he discovered the approaching car, have warned the driver of the automobile in time for the driver to have stopped the automobile in a place of safety, and that there was something which prevented the decedent, in the exercise of ordinary care, from looking in the direction of the approaching car and seeing it during the last thirty feet of his travel, and in time to have caused the automobile to be stopped, and that decedent, as he approached the tracks, could have seen the car which struck the automobile at any point within the last thirty feet before reaching the crossing, were not contradictory, since the answer that decedent could have seen the car during the last thirty feet does not amount to a finding that he could have done so by the exercise of reasonable care. p. 498.

6. APPEAL.—*Review.—Conflicting Answers to Interrogatories.— Construction.*—It is the duty of the court on appeal to reconcile the jury's answers to interrogatories so as to give force and effect to each of them. p. 498.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by the Citizens Loan and Trust Company of Lebanon, administrator of the estate of Charles W. Miller, deceased, against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*William Robinson, Thomas M. Ryan* and *Gifford & Gifford,* for appellant.

*W. H. Latta, D. E. Watson, H. C. Sheridan* and *H. R. Coleman,* for appellee.

Citizens, etc., Trust Co., Admr., *v.* Terre Haute, etc., Trac. Co.—
79 Ind. App. 491.

McMAHAN, J.—Complaint by appellant to recover damages for the death of its decedent, Charles W. Miller, caused by a collision between an automobile in which he was riding as a guest and an interurban car operated by appellee at a point where appellee's railway line crosses a public highway.

The complaint, after alleging the appointment of appellant as administrator of the estate of said Miller, the incorporation of appellee and the operation by appellee of an interurban railway, alleged that said railway crossed an east and west highway at the town of Antioch near Frankfort, said highway being about forty feet wide, said railway at the point of crossing running in 'a general northerly and southerly direction; that there was situated at the time of the accident which caused the death of the decedent, buildings obstructing the view of the railway tracks to the south; that from said crossing south the railway curved to the east and rear of said buildings so that the view of the railway track to the south and east was obstructed; that about 7:00 p. m. March 26, 1918, Charles W. Miller was riding in an automobile with Chester G. McKinsey, who was the owner of and driving said automobile in a westerly direction over said highway and as they approached the railway tracks, was driving the automobile from eight to ten miles an hour; that said automobile so driven and operated by McKinsey approached the crossing from the east in a careful manner, both McKinsey and Miller watching and looking for a car on appellee's tracks; that both looked to the north and south, McKinsey slowing the speed of his automobile, watched and listened for the approach of a car; that approaching said tracks for a distance of seventy-five or one hundred feet the view of the railroad by Miller and McKinsey was obstructed by buildings and they both continued to

listen for approaching cars and seeing no car and hearing no signal they attempted to cross said tracks from the east. Just as the automobile in which the decedent was riding reached a point near the east rail of the tracks appellee carelessly and negligently and with the knowledge that the view of said tracks was so obstructed ran one of its cars from the south at a dangerous rate of speed, forty miles an hour, and carelessly and negligently failed to sound any whistle or bell or give any warning or signal of the approach of said car. When McKinsey saw the car approaching he attempted to stop the automobile and turned the same to the right so as to avoid said car but before he could stop or turn, appellee's car was carelessly and negligently run against the automobile, instantly killing appellant's decedent; that appellee was negligent in running and operating its car at a dangerous speed at said crossing, knowing the unsafe and dangerous condition of said crossing, and that it was also negligent in failing to give any signal of any kind of the approach of the car; and that by reason of the carelessness and negligence of appellee in causing the death of appellant's decedent, Retha E. Miller, the widow of said decedent, was damaged.

An answer of general denial having been filed, the cause was tried by jury and resulted in a verdict in favor of appellant. The jury in connection with the general verdict answered certain interrogatories.

The facts as found by the jury in answer to the interrogatories are in substance as follows: Charles W. Miller was killed March 26, 1918, between eight and nine o'clock a. m. at a public highway crossing on appellant's tracks near Antioch when he was riding in an automobile driven by Chester McKinsey and when the decedent was traveling west on said highway. The highway at the place of the collision ran east and west

and the railroad in a general north and south direction. As the decedent approached the railroad tracks he could have seen the car with which the automobile collided at any point during the last thirty feet he traveled before reaching the tracks by looking with ordinary care, but he could not have warned the driver of the automobile in time for the driver to have stopped the automobile in a place of safety by acting with reasonable prudence after the decedent could have discovered the approaching car by looking to the south. There was something which prevented the decedent from looking to the south in the exercise of reasonable care when approaching the crossing and seeing said car during the last thirty feet of his travel and in time to have caused the automobile to be stopped in a place of safety. The interurban car was about fifty-four feet long and had a trailer fifty-two feet long attached to it. Said interurban cars were traveling from the south and approached the crossing at a speed of thirty-five or forty miles an hour. The decedent was riding in a Ford automobile, and approached the crossing at a speed of about ten miles an hour. When going at that speed, the automobile could have been stopped in a distance of about fifteen feet. The automobile did not run into and against one of the cars.

Appellee filed a motion for judgment in its favor on the interrogatories and answers thereto for the reasons: (1) that the interrogatories and answers showed appellee was not careless and negligent as charged in the complaint; and (2) that they also showed the decedent was guilty of contributory negligence. Pending this motion, appellee also filed motion for a new trial. The court sustained appellee's motion for judgment on the interrogatories and answers and overruled its motion for a new trial.

Judgment having been rendered against appellant, it prosecutes this appeal and assigns as error the action of the court in sustaining appellee's motion for judgment.

Appellee, in order to sustain the action of the trial court in rendering judgment in its favor on the answers to the interrogatories, contends: (1) that the complaint does not contain facts sufficient to state a cause of action in that it fails to charge that the death of the decedent was caused by the alleged negligent acts of appellee; (2) the presumption that there was evidence to support all the allegations of the complaint does not extend beyond the legal import of the facts alleged in the complaint; and (3) that the decedent was guilty of contributory negligence.

The sufficiency of a complaint cannot be questioned in this court by an original assignment of error, but it is still true that if the complaint fails to allege

1. a material fact, a fact necessary to permit a recovery, and the evidence proves every fact alleged in the complaint, but nothing more, and if, from the evidence, the omitted fact or facts necessary to sustain an action cannot be inferred from the facts proven, the plaintiff cannot recover under the law. This result does not rest upon the insufficiency of the evidence. As said by the supreme court in *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369: "The failure of defendant to point out a defect in a complaint does not preclude him from raising objections in any proper way as to the sufficiency of the evidence to sustain every material fact essential to a recovery whether such fact is pleaded or not. If there is a total want of evidence as to an essential fact, he may successfully raise the question by a motion for a new trial on that ground."

The evidence in the instant case is not in the record, and if it were, we could not look to it in determining the question as to whether the court erred in sustaining appellee's motion for judgment on the answers to the interrogatories, as it is well settled that in passing upon this question we can only look to the complaint, the verdict, and the facts as disclosed by the answers to the interrogatories. Quoting again from the case just cited: "A recovery cannot be had when the evidence does not sustain an essential fact alleged, and it would be preposterous to hold that a verdict in favor of plaintiff could be authorized where a fact necessary under the law to sustain it was neither alleged in the complaint nor proved by the evidence."

The contention of appellee that the complaint failed to allege that the death of decedent was caused by the alleged negligence of appellee cannot be sustained. The complaint alleged that after the driver of the automobile, with whom the decedent was riding, saw appellee's car approaching the crossing he attempted to turn the automobile so as to avoid or miss the car but that before he could do so "the said car of defendant was carelessly and negligently and with great force and violence run into and against said automobile, throwing and hurling same a great distance to the north and striking and instantly killing plaintiff's decedent." This, in our opinion, is a sufficient allegation to warrant us in holding that the complaint is sufficient to justify an inference that the decedent's death was brought about by reason of the negligence of appellee as alleged in the complaint in running its car against the automobile in which decedent was riding and thereby killing him. This being true, we must presume that

there was evidence to support the allegations of the complaint.

Appellee further contends that the complaint does not aver that the decedent had no control over the driver of the automobile, or authority to direct his movements and did not aver that he had any reason to suspect the negligence or incompetency of such driver. This contention goes to the negligence of the decedent, and, under the law as it now stands in an action of this kind, it is not necessary for the plaintiff to allege or prove want of contributory negligence. That is a matter of defense.

Eleven of the twelve points relied upon by appellee to sustain the proposition that appellant is not entitled to reversal of the judgment relate to the alleged insufficiency of the complaint hereinbefore discussed. The only reference appellee makes to the interrogatories and their effect upon the general verdict is in point 9, which is as follows: "The legal force and effect of the interrogatories in this case has already been passed upon by this court. *Waking* v. *Cincinnati, etc., R. Co.,* 125 N. E. 799."

No attempt has been made by appellee to point out any fact disclosed by the answers to the interrogatories tending to show that the decedent was guilty of contributory negligence. Neither is there any attempt to connect the Waking case with the case now under consideration. They are different cases and the facts as disclosed by the answers to the interrogatories in each case are materially different. In the Waking case the deceased himself was driving the automobile in which he was riding and the jury specifically found that he could have stopped his automobile in a place of safety by acting with reasonable promptness after he could have discovered the train and that there

was nothing to prevent him in the exercise of reasonable care from looking in the direction from which the train approached.  In the instant case the decedent was not driving the automobile in which he was riding and the jury expressly finds in answer to interrogatories Nos. 12 and 13, that the decedent could not, by acting with reasonable promptness after he could have discovered the approaching car, have warned the driver of the automobile in time for the driver to have stopped the automobile in a place of safety and that there was "something" which prevented the decedent in the exercise of reasonable care from looking in the direction of the approaching car and seeing the same during the last thirty feet of his travel, and in time to have caused the automobile to be stopped.  It is true that the jury, in answer to another interrogatory found that as the decedent approached appellee's tracks on which he was killed he could have seen the car with which the automobile came into collision at any point during the last thirty feet he traveled before reaching such tracks.  A casual reading of these interrogatories and answers might lead one to say that they are contradictory, but after a careful study of them we hold otherwise.  The statement that the decedent could have seen the car at any point during the last thirty feet he traveled before reaching the tracks, is not equivalent to saying that he could have seen it by the exercise of reasonable care. It may be that he could have seen the car in the exercise of an extraordinarily high degree of care, and yet not have been able to have seen it by the exercise of ordinary care.  The jury specifically finds that by acting with reasonable promptness after he could have discovered the approaching car he could not have warned the driver of the automobile in time for the driver of the automobile to have stopped it in a place

Citizens, etc., Trust Co., Admr., *v.* Terre Haute, etc., Trac. Co.—
79 Ind. App. 401.

of safety and that there was something (what is not disclosed) which prevented the decedent in the exercise of reasonable care from looking in the direction from which the car approached the crossing in time to have caused the automobile to be stopped in a place of safety. Reconciling the interrogatories with each other as it is our duty to do, so as to give force and effect to each and every one of them, we find no real inconsistencies. Neither do the facts found by the jury in answer to the interrogatories disclose any negligence on the part of the decedent, nor are the facts so found in irreconcilable conflict with the general verdict. The court therefore clearly erred in sustaining appellee's motion for judgment and the cause must be reversed.

*Kirmse* v. *Chicago, etc., R. Co.* (1920), 73 Ind. App. 537, 127 N. E. 837; *New York, etc., R. Co.* v. *Leopold, Admr.* (1920), 73 Ind. App. 309, 127 N. E. 298; and *Waking* v. *Cincinnati, etc., R. Co.* (1920), 72 Ind. App. 401, 125 N. E. 799; cited by appellee are easily distinguished from the instant case. In the Kirmse case the questions before the court related to the giving and refusal to give instructions where the evidence was not in the record. The Waking case was an action by an administratrix for the death of her decedent, who was killed at a railroad crossing while he was driving the automobile, and where the jury, in answer to an interrogatory, found there was nothing to have prevented the decedent from looking and seeing the train in time to have stopped the automobile in a place of safety. In *New York, etc., R. Co.* v. *Leopold, supra,* the decedent was riding in a one-horse buggy driven by himself. He had an unobstructed view of the track in the direction from which the train came for a distance of 475 feet when he was 100 feet from the track. There was nothing to thereafter obstruct his view or prevent his looking,

and the distance he could have seen the approaching train increased as he approached the crossing. So with all the other cases cited by appellee, they are easily distinguished from the instant case.

The judgment is therefore reversed with directions to the trial court to overrule appellee's motion for judgment and to sustain appellee's motion for a new trial.