HADDON SCHOOL TOWNSHIP OF SULLIVAN COUNTY *v.* WILLIS.

[No. 26,224.   Filed January 8, 1936.]

A. M. *Wilson* and *Hays & Hays*, for appellant.

*Charles H. Bedwell* and *Tella C. Haines*, for appellee.

ROLL, C. J.—This is an action by appellee against appellant to recover damages for an alleged breach of her indefinite contract as a teacher in the public schools of appellant school township.

The complaint was in one paragraph, to which appellant filed an answer in general denial and four affirmative paragraphs, to which appellee replied in general denial. There was a trial by jury and a general verdict in favor of appellee for $155.00. The court submitted thirty-three interrogatories which were answered by the

jury and upon motion of appellee the court rendered judgment in favor of appellee for $1,240.00, upon the answers to the interrogatories notwithstanding the general verdict. This action of the court is assailed on appeal and presents the principal question in this case.

The complaint, insofar as material to the question here presented, alleges, in substance, that appellee had served under contract as a teacher in the public schools of appellant township for five successive years immediately prior to September, 1928, and on the first day of September, 1928, she entered into a contract for further services with said township and did teach in the public schools of said township during the school year beginning in September, 1928, and thereby became a tenure teacher under the law of Indiana. That on and prior to the beginning of the school in September, 1929, she requested Charles E. Curtis, Trustee of Haddon School Township, to assign her to a school for the school year beginning in September, 1929; that said trustee refused to assign her to any school in said township and refused to permit her to teach in any school in the township during that year, and told her that he would not employ her to teach in any of the schools of said township during the school year of 1929. Appellee alleged that she was ready, able and willing to teach school in such school corporation, and that the trustee employed another teacher to take the place of appellee. That the compensation as fixed by her contract the previous year with appellant was $1,240.00, a copy of said contract was attached to and made a part of the complaint. That she has demanded payment of the compensation due her under her indefinite contract but that appellant refused to pay the same.

Appellee's prayer to her complaint is as follows: "Wherefore plaintiff says that she has been damaged in the sum of $1,240.00, and she demands judgment

therefor with 6 per cent interest from and after the time that each monthly installment thereof became due and all other proper relief."

The affirmative answers filed by appellant need not be set out, as they have no influence on the question here presented.

The first twenty-nine interrogatories and the answers thereto relate to the formation and existence of Haddon School Township, the election of Charles E. Curtis as trustee, the services rendered by appellee to appellant under previous contracts, the qualifications of appellee to teach in the public schools of Indiana; the various times appellee signed contracts to teach for appellant. There were also questions and answers that found that appellant had not attempted to give notice of his intention to cancel appellee's indefinite contract as provided by statute and no such cancellation was attempted, and there was no agreement between the parties to cancel the contract; that appellee requested appellant to furnish her a school for the year beginning in September, 1929, and that appellant refused, and that appellee did not teach school for appellant township during the school year of 1929-1930, and no compensation was paid appellee by appellant for the school year 1929-1930; that appellee was ready, able and willing to teach school in appellant school township during the school term beginning in the month of September, 1929. Interrogatories Nos. 30 and 31 and the answers thereto are as follows:

"No. 30. Did the written contract entered into between the plaintiff and the defendant on the first day of September, 1928, provide that the defendant should pay the plaintiff the sum of $1240.00 for the school year of eight months?

"Ans. Yes.

"No. 31. Did the contract entered into between plaintiff and defendant on the first day of September, 1928, provide that the defendant should pay

the plaintiff the sum of $1240.00 in eight equal payments during such school year?

"Ans. Yes."

It is upon these answers that the question here involved must be determined. The questions and answers to the first twenty-nine interrogatories follows and supports the complaint, and appellant bases no contention upon them. It is appellant's contention that there is no irreconcilable conflict between the general verdict and the answers to the interrogatories returned by the jury and therefore the general verdict must stand; while appellee contends that the general verdict cannot stand in the face of interrogatories Nos. 30 an 31, and the answers thereto. Appellee argues that the jury by its general verdict found every material and issuable fact in its favor; that there is no conflict between the general verdict and the answers of the jury to the interrogatories except as to the amount of recovery, and under such circumstances the court can consider the pleadings and the answers to interrogatories and see that the proper judgment is rendered; and since one of the material facts alleged in the complaint was: "That under the terms and provisions of aforesaid contract there is due to the plaintiff and is unpaid the sum of $1240.00," and since the jury returned a general verdict in favor of appellee it necessarily found that the above allegation was true, and did in fact find that plaintiff should recover of and from the defendant $1240.00, and that the trial court was justified in concluding that the jury by mistake returned a verdict for $155.00, when the amount should have been $1240.00, and therefore there was no error in entering judgment for the proper amount. The error in appellee's statement is in assuming that a general verdict is a specific finding in favor of appellee on each averment of the complaint. The general rule is that, when a jury returns a general verdict in favor of the plaintiff, it neces-

sarily finds that the plaittiff has proven every material averment needful for a recovery. But we do not understand that it necessarily finds that the plaintiff is entitled to recover the amount alleged to be due. If it be so construed, then the jury must, if it finds for the plaintiff assess the amount of recovery at the exact amount alleged in the complaint, and if they do not the court would have the right to change the amount to correspond to the allegations of the complaint. We find no authority to support such a proposition.

It appears that appellee had a valid and binding contract to teach school in appellant township. It further appears that appellant refused to carry out this contract and so informed appellee. That appellant refused to assign appellee to any school in the township and caused said school to be taught by another person. This action on the part of appellant constituted a breach of contract for which appellant was liable to respond in damages. A teacher has a right to recover damages suffered by reason of the breach of a contract of employment by the proper officials. *Hornbeck* v. *State* (1904), 33 Ind. App. 609, 71 N. E. 916, and cases therein cited. But the amount of damages recoverable must be determined from the fact of each particular case. 17 C. J., §173, p. 859, states the general rule thus:

"Where a contract involves the furnishing of personal services by plaintiff, and performance is prevented by defendant, although plaintiff is at all times ready and willing to perform, the measure of damages is prima facie the consideration agreed to be paid, although it may be shown in mitigation that plaintiff might have secured other employment for his services during the contract period. From this it appears that the true measure of damages is not in such cases the contract price but the amount of the actual loss."

This rule is supported by this court in *Hamilton* v. *Love* (1899), 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, and cases there cited. In determining whether the answers to interrogatories should override the general verdict, the court can only consider the pleadings, answers to the interrogatories, and the general verdict. The special findings must stand in such clear antagonism to the general verdict that the two cannot co-exist. See *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 64 N. E. 92, and cases cited. The court is not permitted in ruling on a motion for judgment based on answers to interrogatories to consider the evidence in the case, and the motion should be refused where the conflict between the answers to the interrogatories and the general verdict is not such on the face of the record as to be beyond the possibility of being removed by any evidence legitimately admissible under the issues. *Shoner* v. *Pennsylvania Co.* (1891), 130 Ind. 170, 28 N. E. 616, 29 N. E. 775; *Indianapolis, etc., R. Co.* v. *Lewis* (1889), 119 Ind. 218, 21 N. E. 660; *Louisville, etc., R. Co.* v. *Creek* (1892), 130 Ind. 139, 29 N. E. 481; *McCoy* v. *Kokomo R. Co., supra,* and cases cited.

In order to justify the action of the lower court in sustaining appellee's motion for judgment upon the answers notwithstanding the general verdict, we must be able to say, from the facts found, that appellee was, as a matter of law, entitled to $1240.00. *Sage* v. *International Harvester Co.* (1910), 46 Ind. App. 90, 90 N. E. 17.

In this case, under the answer of general denial, evidence in mitigation of damages was admissible. *Smith & Smith* v. *Lisher* (1864), 23 Ind. 500; *Mosier* v. *Stoll et al.* (1889), 119 Ind. 244, 20 N. E. 752; *Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780. Under the authorities herein cited, we must conclusively presume that evidence in mitigation of

damages was introduced and considered by the jury. When so considered, there is nothing in the answers to the interrogatories that could not be reconciled with the general verdict. Interrogatories Nos. 30 and 31 and the answers thereto, found that the contract between appellee and appellant for the year 1928 provided that appellant should pay appellee the sum of $1240.00 for that school year payable in eight equal payments. Even if it could be said under the facts that appellee's contract for the year 1928 was extended and constituted an indefinite contract and became the contract between the parties for the school year beginning in September, 1929, yet we would not be justified in holding that this fact, as a matter of law, caused appellee to suffer damages to the full contract price of her services. To so hold would be to deny appellant the right to show that appellee, during the period here in question, earned money that should effect the amount of loss actually suffered by appellee. Under the issues in this case appellant had the right to introduce such evidence. We can see no conflict between the general verdict returned by the jury and the answers to the interrogatories. Consequently we hold that the court committed reversible error in sustaining appellee's motion for judgment on the answers to the interrogatories, notwithstanding the general verdict.

Appellant questions the sufficiency of plaintiff's complaint to withstand a demurrer for want of facts. The complaint alleges sufficient facts to show a valid contract of employment between appellee and appellant and a breach thereof on the part of appellant. We think the complaint states a good cause of action for a breach of contract and there was no error in overruling the demurrer to the complaint.

Appellant in its brief questions the constitutionality of the teacher's tenure statute, being Chapter 97, Acts

1927, p. 259. But since this case was filed the constitutional question has been decided adversely to appellant, and appellant in his reply brief expressly waives this question.

Judgment reversed with instructions to overrule appellee's motion for judgment on the interrogatories notwithstanding the general verdict, and to render judgment on the general verdict.