BURK, ADMINISTRATRIX OF THE ESTATE OF BURK, *v.*
CHESAPEAKE AND OHIO RAILWAY COMPANY.

[No. 19,889. Filed December 2, 1964. Rehearing denied
December 30, 1964. Transfer denied April 13, 1966.]

*Tom F. Hirschauer,* and *Hillis & Hillis,* of Logansport, for
appellant.

*Russel J. Wildman* and *Cole, Wildman & Cole,* of Peru, for appellee.

CARSON, J.—The appellant, plaintiff below, brought this action against the appellee for the death of her husband whose pick-up truck was struck by a train of the appellee. The jury returned a verdict of $9,000.00 and also answered certain interrogatories. On motion of the appellee the trial court entered judgment for the appellee on the interrogatories and the answer thereto notwithstanding the general verdict.

The appellant assigned as error the sustaining of appellee's motion for judgment on the jury's answer to the interrogatories, and the order requiring the jury to answer certain interrogatories.

Appellee-railroad first contends that appellant did not bring to this court a complete record in failing to include in the transcript a photograph introduced in evidence as Exhibit No. 4. By Interrogatory No. 33 the jury was asked:

"Does the picture taken by the Deputy Sheriff and identified as Exhibit No. 4 accurately portray the view of the decedent would have had of that portion of the tracks and the surroundings of the crossing had he looked when he was 17 feet south of the south rail of the house tracks?"

To this interrogatory the jury answered, "Yes." By this interrogatory and answer appellee seeks to show that when decedent was seventeen feet from the nearest track he had an unobstructed view of the approaching train.

In considering a motion for judgment on the interrogatories notwithstanding the general verdict, the court must consider only the pleadings, the general verdict, the interrogatories and answers thereto; *New York Central R. R. Co. v. Thompson* (1939), 215 Ind. 652, 662, 21 N. E. 2d 625; and may not consider any of the evidence introduced at the trial. *Haddon School Twp., Sullivan County v. Willis* (1936), 209 Ind. 356, 362, 199 N. E. 251.

The rule is well stated in *Citizens, etc., Trust Co., Admr.* v. *Terre Haute, etc., Trac. Co.* (1923), 79 Ind. App. 491, 497, 135 N. E. 802, where this court said:

"The evidence in the instant case is not in the record, and if it were, we could not look to it in determining the question as to whether the court erred in sustaining appellee's motion for judgment on the answer to the interrogatories, as it is well settled that in passing upon this question we can only look to the complaint, the verdict, and the facts as disclosed by the answer to the interrogatories."

Interrogatory No. 33 required the trial court to consider an item of evidence and was, therefore, improper. This court cannot consider the evidence on this appeal, and appellant, therefore, did not fail to bring a proper record to us in failing to incorporate in the transcript the photograph referred to in the interrogatory.

In setting aside the general verdict and entering judgment on the interrogatories, the trial court stated its reasons therefor as follows:

"a. That the answers to the interrogatories submitted to the jury are inconsistent with the general verdict, that such answers and such general verdict are irreconcilable, and the answer to the interrogatories in this case control.
b. That the answers to said interrogatories found plaintiff's decedent violated the provisions of Section 47-2114 B. I. S.: that such violation was negligence as a matter of law and a proximate cause of decedent's death, as a matter of law.
c. That the answers to the interrogatories found plaintiff's decedent either did not look or listen for defendant's approaching engine and train, or if he did look or listen he did not see or hear what was there to be seen or heard, and that by reason thereof plaintiff's decedent was contributorily negligent, and such negligence was a proximate cause of said decedent's death, as a matter of law.
d. That the law as announced by the Supreme Court in the recent case of the New York Central Railroad Company v. John Glad, 179 N. E. 2d 571, decided January 29, 1962, is applicable to defendant's motion for a judgment on the interrogatories notwithstanding the general verdict."

The statute found by the trial court to have been violated by decedent, being Acts 1939, ch. 48, § 100, p. 289, § 47-2114, Burns 1952 Replacement, reads, in pertinent part, as follows:

"Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty [50] feet but not less than ten [10] feet from the nearest track of such railroad and shall not proceed until he can do so safely, when:"

\* \* \* \*

"(c) A railroad train, as defined in this act, approaching within approximately one thousand five hundred [1,500] feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard."

Of the 48 interrogatories submitted to and answered by the jury, the four interrogatories and their answers which are urged by appellee to support the ruling of the trial court are as follows:

## "INTERROGATORY NO. 9

When the truck was 50 feet from the nearest track of defendant's railroad, was defendant's engine approaching, and in hazardous proximity to such crossing?

Answer: Yes"

## "INTERROGATORY NO. 11

When the truck was 30 feet from the nearest track of defendant's railroad, was defendant's engine approaching, and in hazardous proximity to such crossing?

Answer: Yes"

## "INTERROGATORY NO. 13

If defendant's engine, approaching within approximately 1500 feet of the highway crossing, did emit a signal audible for such distance, was such engine, by reason of its speed or nearness to such crossing, an immediate hazard?

Answer: Yes"

Interrogatories Nos. 9, 11 and 13 were specifically objected to by appellant in the trial court. However, such objections were not urged in appellant's brief and supported by argument. Under Rule 2-17 (d), (e) and (f) of the Supreme Court, 1962 Revision, such objections have been waived and we may not consider them. *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 69 N. E. 2d 619.

From a careful examination of the appellant's brief it appears that appellant has cited authorities in support of the propositions raised in her assignment of errors. We are unable however, to bring the appellant's argument and citation of authorities within the rule previously laid down by our Supreme Court and by this Court to the effect that the appellant must support her objections by cogent argument and citation of authorities. The appellant must show application of authorities cited to the argument and the questions presented on the appeal. The burden is upon the appellant to demonstrate reversible error. *Wright v. State* (1958), 237 Ind. 593, 147 N. E. 2d 551; *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810; *O'Neal* v. *Deveny* (1963), 135 Ind. App. 446, 194 N. E. 2d 413.

It is our opinion that the appellant has failed to meet the above requirements and therefore it is unnecessary for us to discuss in detail any of the questions presented in the appellant's brief.

For the reasons heretofore stated the judgment is affirmed.

Cooper and Ryan, JJ., concur. Faulconer, C. J., dissents with opinion.

### DISSENTING OPINION

FAULCONER, C. J.—I cannot agree with my learned colleagues that this case cannot be decided on the merits. I feel that the reasons given by the majority opinion for holding that appellant has failed to meet the burden required of her in her brief are too vague and too general to specifically combat.

A reading of the briefs of both parties readily evidences that the only real issue in this appeal is the granting, by the trial court, of a judgment for appellee on answers of the jury to interrogatories, notwithstanding the general verdict for appellant. It is also clear that the motion was granted on answers to four of the interrogatories. It is also clear that all interrogatories and answers thereto and all other necessary parts of the record are in the appellant's brief for a decision on the merits.

Both parties having directed their arguments to the real issue to be decided, I, therefore, feel justice deserves our attention be directed to the merits.

Plaintiff-appellant Addie Burk, Administratrix of the estate of Aaron Burk, brought this action against appellee, The Chesapeake and Ohio Railway Company, for wrongful death of her deceased husband whose pickup truck was struck by a train of appellee while crossing its track in Kewanna, Fulton County, Indiana. The jury returned a general verdict of $9,000 for appellant, and also answered certain interrogatories submitted to it by the court on motion of appellee-railroad. On motion of appellee the trial court entered judgment for appellee-railroad on the interrogatories and answers thereto notwithstanding the general verdict for appellant.

Appellant appeals from this action of the trial court, assigning as error the sustaining of appellee's motion for judgment on the jury's answers to interrogatories, and requiring the jury to answer certain interrogatories.

The complaint alleges that appellee's track, consisting of two main tracks with a side or switch track between them, runs in an east and west direction through the town of Kewanna and is intersected at right angles by East Street, a fifteen-foot thoroughfare running in a north and south direction through said town; that at the point of said intersection the tracks run in a depressed portion of ground so that the approach to said railway from each side is higher than the

level of the tracks; that on February 20, 1956, the east view of the northernmost track was obstructed by two coal cars approximately twenty feet from the intersection, and a long line of railroad cars on the southernmost track; and the view was further obstructed by large piles of coal immediately east of the intersection and south of the tracks, which was a condition of long standing well known to appellee-railroad; that on the center track east of the intersection was stationed a work train owned by appellee-railroad which obstructed a clear view of the northern track; that prior to injury of appellant's decedent the work train was moving east and west and over the highway crossing; that East Street was a much-traveled thoroughfare; that there were no warning signs, signals, gongs, lights, gates, watchman or other warning devices on East Street south of the tracks; that on February 20, 1956, appellant's decedent approached said intersection in his pickup truck traveling north at approximately five miles per hour on East Street and that as he entered and attempted to cross the railroad tracks he was struck by appellee's freight train traveling in a westerly direction on the north track at a high and dangerous rate of speed, carrying the truck westwardly down the track approximately sixty-five feet causing it to be thrown against a work building, and decedent was thrown against a railroad telephone box pole, and died as the result of the injuries sustained in the collision. It is alleged that appellee's negligence consisted of knowledge of the alleged obstructions and failure to provide any electric flashers, signs, working gates, watchman, bell, gong or other warnings; failure to maintain at right angles at such crossing any sign of warning containing the words, "DANGER," "RAILROAD CROSSING," "TWO," designating a multiple track; operating said freight train at a high and excessive rate of speed; failure to sound the whistle on the engine "distinctly for at least three times within a distance of not less than eighty (80) rods east of the railway crossing and did not prolong and repeat said whistle until the crossing was reached, and

failing to sound the whistle "continuously from the time it should have sounded such whistle until such engine had fully passed such crossing"; and that the death of appellant's decedent resulted wholly and proximately from the negligence and carelessness of appellee-railroad. Appellee filed its answer of admission and denial and a second affirmative paragraph alleging contributory negligence of decedent.

Appellee-railroad first contends that appellant did not bring to this court a complete record in failing to include in the transcript a photograph introduced in evidence as Exhibit No. 4. By Interrogatory No. 33 the jury was asked:

> "Does the picture taken by the Deputy Sheriff and identified as Exhibit No. 4 accurately portray the view the decedent would have had of that portion of the tracks and the surroundings of the crossing had he looked when he was 17 feet south of the south rail of the house tracks?"

To this interrogatory the jury answered, "Yes." By this interrogatory and answer appellee seeks to show that when decedent was seventeen feet from the nearest track he had an unobstructed view of the approaching train.

In considering a motion for judgment on the interrogatories notwithstanding the general verdict, the court must consider only the pleadings, the general verdict, the interrogatories and answers thereto; *New York Central R. R. Co.* v. *Thompson* (1939), 215 Ind. 652, 662, 21 N. E. 2d 625; and may not consider any of the evidence introduced at the trial. *Haddon School Twp., Sullivan County* v. *Willis* (1936), 209 Ind. 356, 362, 199 N. E. 251.

The rule is well stated in *Citizens, etc., Trust Co., Admr.* v. *Terre Haute, etc., Trac. Co.* (1923), 79 Ind. App. 491, at page 497, 135 N. E. 802, where this court said:

> "The evidence in the instant case is not in the record, and if it were, we could not look to it in determining the question as to whether the court erred in sustaining appellee's motion for judgment on the answers to the interrogatories, as it is well settled that in passing upon this

question we can only look to the complaint, the verdict, and the facts as disclosed by the answers to the interrogatories."

Interrogatory No. 33 required the trial court to consider an item of evidence and was, therefore, improper. This court cannot consider the evidence on this appeal, and appellant, therefore, did not fail to bring a proper record to us in failing to incorporate in the transcript the photograph referred to in the interrogatory.

In setting aside the general verdict and entering judgment on the interrogatories, the trial court stated its reasons therefor as follows:

"a. That the answers to the interrogatories submitted to the jury are inconsistent with the general verdict, that such answers and such general verdict are irreconcilable, and the answers to the interrogatories in this case control.

"b. That the answers to said interrogatories found plaintiff's decedent violated the provisions of Section 47-2114 B. I. S.: that such violation was negligence as a matter of law and a proximate cause of decedent's death, as a matter of law.

"c. That the answers to the interrogatories found plaintiff's decedent either did not look or listen for defendant's approaching engine and train, or if he did look or listen he did not see or hear what was there to be seen or heard, and that by reason thereof plaintiff's decedent was contributorily negligent, and such negligence was a proximate cause of said decedent's death, as a matter of law.

"d. That the law as announced by the Supreme Court in the recent case of The New York Central Railroad Company vs. John Glad, 179 N. E. 2d, 571, decided January 29, 1962, is applicable to defendant's motion for a judgment on the interrogatories notwithstanding the general verdict."

The statute found by the trial court to have been violated by decedent, being Acts 1939, ch. 48, § 100, p. 289, § 47-2114, Burns' 1952 Replacement, reads, in pertinent part, as follows:

"Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty [50] feet but not less than ten [10] feet from the nearest track of such railroad and shall not proceed until he can do so safely, when:

\* \* \* \*

"(c) A railroad train, as defined in this act, approaching within approximately one thousand five hundred [1,500] feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard."

Of the 48 interrogatories submitted to and answered by the jury, the four interrogatories and their answers which are urged by appellee to support the ruling of the trial court are as follows:

## "INTERROGATORY NO. 9

"When the truck was 50 feet from the nearest track of defendant's railroad, was defendant's engine approaching, and in hazardous proximity to such crossing?

"Answer: Yes

\* \* \* \*

## "INTERROGATORY NO. 11

"When the truck was 30 feet from the nearest track of defendant's railroad, was defendant's engine approaching, and in hazardous proximity to such crossing?

"Answer: Yes

## "INTERROGATORY NO. 12

"Did defendant's engine, approaching within approximately 1500 feet of the highway crossing, emit a signal audible for such distance?

"Answer: Yes

## "INTERROGATORY NO. 13

"If defendant's engine, approaching within approximately 1500 feet of the highway crossing, did emit a signal audible for such distance, was such engine, by reason of its speed or nearness to such crossing, an immediate hazard?

"Answer: Yes"

The impropriety of Interrogatories Nos. 9, 11 and 13 may seem apparent, and they were specifically objected to by appellant in the trial court. However, such objections were not urged in appellant's brief and supported by argument. Under Rule 2-17(d), (e), (f) of the Supreme Court, 1962 Revision, such objections have been waived and we may not consider them. *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 266, 69 N. E. 2d 619.

The position taken by the trial court and urged here by appellee is that the answers to Interrogatories Nos. 9, 11, 12 and 13 show decedent violated the prohibition of Acts 1939, ch. 48, § 100, p. 289, § 47-2114, Burns' 1952 Replacement, *supra,* which provides, *inter alia,* "and shall not proceed until he can do so safely, when: . . . (c) A railroad train . . . , approaching within approximately one thousand five hundred [1500] feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard." Thus, the trial court found, from said answers to interrogatories, that decedent violated that part of § 47-2114, *supra,* hereinabove set forth; that such violation was negligence as a matter of law; that such negligence was a proximate cause of his death as a matter of law; and that the answers to interrogatories are, therefore, in irreconcilable conflict with the general verdict.

Applicable here are the rules that a general verdict must stand unless its conflict with the answers to interrogatories is such that the conflict could not be overcome by any evidence legitimately admissible under the issues framed by the pleadings, and every reasonable presumption, inference and intendment must be indulged in favor of the general verdict. *New York Central R. R. Co.* v. *Thompson, supra* (1939), 215 Ind. 652, 662, 21 N. E. 2d 625; *Pittsburgh, etc. R. Co.* v. *Marable* (1920), 189 Ind. 278, 285, 126 N. E. 849; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 307, 102 N. E. 21; *Tate* v. *West* (1950), 120 Ind. App. 519, 527,

94 N. E. 2d 371; *Norwalk Truck Line Co.* v. *Kostka* (1950), 120 Ind. App. 383, 393, 88 N. E. 2d 799. See also cases cited in 26 Ind. Dig., Trial, § 359(1), p. 691, *et seq.*

"The general verdict finds every material, issuable fact in favor of the prevailing party. All reasonable presumptions are indulged in favor of the general verdict and nothing is presumed in favor of the answers to the interrogatories, but they should be fairly and reasonably construed. *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 181, 104 N. E. 50.

Although the following cases did not involve answers to interrogatories and a judgment thereon notwithstanding the general verdict, I cite them for the proposition that evidence is admissible to establish exceptions to the general rule that a violation of a statute is negligence *per se.*

Any negligence for which plaintiff's decedent was responsible must have been the proximate cause of, or must have proximately contributed to, his injuries and death to constitute contributory negligence. *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 461, 179 N. E. 2d 571; *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 618, 13 N. E. 2d 336.

In *New York Central Railroad Co.* v. *Glad, supra,* in which it was held that a violation of the statute under consideration was contributory negligence as a matter of law, the evidence was in the record to show the Supreme Court that there was no evidence to contradict that which showed that plaintiff-motorist had violated the statute and that the evidence was such as "support the sole conclusion that if appellee had exercised the care required by the statute his injury would not have occurred." *Id,* at page 461 of 242 Ind. Here, as pointed out above, the court could not consider the evidence if it were in the record to decide the question before it.

Judge Bobbitt, in *New York Central Railroad Co.* v. *Glad, supra,* making reference to exceptions to the rule that vio-

lation of a duty prescribed by statute or ordinance is negligence *per se,* stated at page 457 of 242 Ind., as follows:

"Generally, the violation of a duty prescribed by statute or ordinance is negligence *per se* or as a matter of law." (Citing authorities.)

And, further, at page 458,

"Exceptions to this general rule have been recognized in Indiana where compliance with the provisions of the statute or ordinance was impossible or noncompliance was excusable. Under such circumstances such violation becomes, in effect, nothing more than prima facie evidence of negligence."

And, further, at page 461,

"Violation of the statute herein does not *per se* make appellee guilty of contributory negligence, but the negligence for which he is responsible must either be the proximate cause of his injuries or it must proximately contribute thereto." See also: *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 398, 98 N. E. 2d 896; *Northern Ind. Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 17 A. L. R. 2d 572; *Jones* v. *Cary* (1941), 219 Ind. 268, 284, 37 N. E. 2d 944; *Rentschler* v. *Hall, supra* (1947), 117 Ind. App. 255, 263, 69 N. E. 2d 619; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 224, 111 N. E. 816.

The jury may take into consideration the railroad's prior negligence, if any, in deciding the question of contributory negligence. *New York Central Railroad Company* v. *Wyatt* (1962), 135 Ind. App. 205, 184 N. E. 2d 657, 667, (Transfer denied).

Judge Ryan, speaking for this court in the Wyatt case, at page 668 of 184 N. E. 2d, said:

"It has also been suggested that where there are obstructions at the intersection in question, the plaintiff's contributory negligence is almost always one of fact for the jury, N. Y. Central Ry. Co. v. Milhiser (1952), 231 Ind. 180, 106 N. E. 2d 453, 108 N. E. 2d 57, and that any distractions to the motorist's attention may be properly

considered by the jury in determining the question of contributory negligence. . . ."

It was proper under the pleadings in the case before us for the jury to consider the numerous obstructions to the clear view of the track alleged in the complaint in determining the question of contributory negligence.

Another exception to the rule that violation of a statute constitutes negligence *per se* was stated in *Tate* v. *West, supra* (1950), 120 Ind. App. 519, at page 527, 94 N. E. 2d 371, where this court said:

> "The interrogatories in question, if answered 'yes,' would have constituted a finding of contributory negligence on the part of the appellee and would bar a recovery *except in the presence of facts showing a negligent failure by the appellant to take the last clear chance to avoid the accident."* (Emphasis supplied.)

The court further said, at page 528:

> "In *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330, last clear chance was not specifically pleaded but the court said: 'The doctrine of last clear chance, generally speaking, is not a doctrine of pleading but a doctrine of evidence.' "

Answers to interrogatories tending to show violation of the statute by plaintiff-appellant's decedent would not support a judgment for defendant-appellee notwithstanding the general verdict for appellant where, as here, evidence would be admissible under the allegations of the complaint to show that appellant fell within any exceptions to the general rule as, *inter alia,* where appellee failed to utilize a last clear chance to avoid the accident; or that the violation of said statute (§ 47-2114, *supra*) was not the proximate cause of decedent's injuries; or that appellant's compliance with the statute was impossible or noncompliance was excusable.

"If the apparent conflict between the facts found by the general verdict and the answers to the interrogatories may

be explained and removed by any possible evidence admissible under the issues, the motion for judgment on the answers to the interrogatories should be overruled." *Chicago, etc. R. Co.* v. *Schenkel, supra* (1914), 57 Ind. App. 175, 181, 104 N. E. 50.

If answers are contradictory, they nullify each other and have no effect on the general verdict. *Chicago, etc. R. Co.* v. *Schenkel, supra,* at page 181 of 57 Ind. App.; *Matchett* v. *The Cincinnati, Wabash and Michigan Railway Company* (1892), 132 Ind. 334, 339, 31 N. E. 792.

"The general verdict necessarily decides that the appellee was negligent and that the appellant was not guilty of contributory negligence." *Matchett* v. *The Cincinnati, Wabash and Michigan Railway Company, supra,* at page 344 of 132 Ind.

Based on the foregoing authorities showing that evidence would be admissible under the pleadings establishing exceptions to the general rule that a violation of a statute is negligence *per se,* I would hold that the answers to the interrogatories relied on by appellee do not show that appellant's decedent was negligent as a matter of law which was the proximate cause of his injuries and death. A careful review of all interrogatories and their answers fails to disclose an irreconcilable conflict with the general verdict and, therefore, the trial court erred in granting appellee's motion for judgment on the interrogatories notwithstanding the general verdict for the appellant.

I would remand the case to the trial court with instructions to rule on appellee's motion for new trial, and if such motion is denied, to enter judgment on the general verdict. *Craft* v. *Stone* (1920), 74 Ind. App. 71, 78, 124 N. E. 473.

NOTE.—Reported in 202 N. E. 2d 387.